HEINEMANN *v.* SWEATT.

Opinion delivered June 25, 1917.

1. LEGISLATIVE ENACTMENTS—IMPROVEMENT DISTRICT—IMPROPER DESCRIPTION.—In the creation of a road improvement district the Legislature included certain lands therein; *held* although the court is certain that the Legislature did not describe the land intended, the court has no power, in considering the act, to order a change in the description.

2. IMPROVEMENT DISTRICTS—DESCRIPTION OF LANDS INCLUDED.—Much is to be left to the judgment and discretion of the Legislature in creating improvement districts, and the courts should always respect that determination, unless it is manifestly arbitrary, but it is the duty of the court to interfere where the statute shows on its face that it is arbitrary.

3. IMPROVEMENT DISTRICTS—ARBITRARY DESCRIPTION—VALIDITY.—Act No. 165, Acts of 1917, undertook to create an improvement district and in describing lands to be included therein, named a tract several miles from the proposed improvement and omitted intervening tracts. *Held*, the statute would be construed as arbitrary, and the court, being without authority to change the descriptions, that the whole statute is declared void.

Appeal from Jackson Chancery Court; *Geo. T. Humphries,* Chancellor; reversed.

*Campbell & Suits,* for appellant.

1. A local improvement district must be composed of adjacent, compact, contiguous and continuous territory. The question of boundaries is closely scrutinized. The lands must be contiguous. 126 Ark. 416; *Ib.* 172; 122 Ark. 491; 120 *Id.* 230; 105 *Id.* 380; 35 *Id.* 58; 15 Cyc.

309; 28 *Id.* 120, 150, 193; 54 Ark. 321; 55 *Id.* 609; *Ib.* 618; 35 Cyc. 856-7; 38 *Id.* 601.

2. The Legislature can not confer on Jackson County extraterritorial authority.

3. Publication in a newspaper in Jackson County can not bind lands in Woodruff County. 96 Ark. 410, does not help defendant.

*Jno. W. & Jos M. Stayton,* for appellees.

1. The Legislature intended to include the W½ of section 28, not 26, a mere clerical error which is subject to correction. 35 Ark. 59; 37 *Id.* 495; 58 *Id.* 116; 100 *Id.* 180.

2. But the W½ of section 26 may be stricken out and the validity of the act supported. 92 Ark. 100; 89 *Id.* 466.

3. No extraterritorial jurisdiction is conferred upon the Jackson County court. 96 Ark. 417.

4. Publication in Jackson County newspapers was sufficient. 83 Ark. 348; 96 *Id.* 424.

McCULLOCH, C. J. This is an attack upon the validity of a statute enacted by the General Assembly of 1917 (Act No. 165), creating a road improvement district designated as Road Improvement District No. 3 of Jackson County, to improve a public road in that county known as the Newport and Augusta Road, which is specifically described in the statute. The controversy arises in a suit instituted by appellant who is the owner of a tract of land within the boundaries of the district, against the commissioners named in the statute, and appellant seeks to restrain the commissioners from proceeding with the construction, the assessment of benefits and levy of taxes, and the issuance of bonds. The territory embraced in the district is not described by metes and bounds, but each tract of land embraced therein is described according to the method of description adopted on the plats of the government survey. The lands lie in a compact body on each side of the road to be improved, except that one tract of eighty acres is disconnected from the other lands,

and lies two miles distant from any of the other tracts, and two miles distant from the road to be improved, the intervening lands not being embraced in the district.

The situation thus described with respect to the one disconnected tract is the ground for the principal attack made in this case on the validity of the statute. The road is on the section line between sections sixteen (16) and seventeen (17), sections twenty (20) and twenty-one (21), sections twenty-eight (28) and twenty-nine (29), and sections thirty-two (32) and thirty-three (33), in township (11) north, range two (2) west, but no part of section twenty-eight (28), which abuts on the road, is described. The east half of each of the other sections abutting on the west side of the road are included, and the west half of section twenty-six (26) in that township is included, the last named tract being entirely disconnected from the main body of lands described, and all of sections twenty-seven (27) and twenty-eight (28) lie between it and the proposed road.

It is insisted by counsel for appellee that the inclusion of the east half of section twenty-six (26) was an obvious error in framing the statute and that the east half of section twenty-eight (28) was intended to be included, and ought to be treated as being included in the district instead of the tract in section twenty-six (26). In support of that contention counsel call attention to the form in which the framers of the statute grouped the descriptions as clearly indicating an intention to describe the west half of section twenty-eight (28) instead of the west half of section twenty-six (26). All of the lands on the east side of the road are first described and then the following numbers are given in describing the lands on the west side:

"The west half of sections sixteen (16), twenty-one (21), twenty-six (26) and thirty-three (33), of township eleven (11) north, range two (2) west."

(1) The method of description adopted by the Legislature does, indeed, indicate an intention to embrace all the lands abutting on the west side of the road, and this

would indicate that a mistake was made in describing a portion of section twenty-six (26) instead of a portion of section twenty-eight (28), but it is quite a different question for us to undertake to treat this as merely a clerical error and undertake to correct the error by substituting a description of land which the framers of the statute entirely omitted. We may be fully satisfied that the Legislature intended to describe section twenty-eight, but yet we are powerless to correct the error, for the simple reason that to do so would be purely a matter of legislation on our part. That would constitute an amendment of the statute to conform to what we conceive to be the legislative intent. In other words, the case presents a situation where we are reasonably certain that the language, used does not express the legislative will, yet we are not at liberty to substitute the language which we think will express it.

The question comes down to this: Could the owner of the west half of section twenty-eight (28) complain if we were to construe the statute to include that tract? Unquestionably, the owner could complain, for the simple answer to that construction would be that the Legislature has not written the words into the statute which would constitute authority to assess that tract of land as a part of the lands affected by the improvement. It would be clearly a judicial encroachment upon the rights of the owner of that tract for the courts to undertake to substitute words describing that tract of land instead of words which the framers of the statute used in describing another tract. If the Legislature had given any other method of description, even though it conflicted with the present designation of boundaries by listing the lands, we might by construction reconcile the two descriptions by striking out words in one of the methods adopted so as to conform to the other method, but here we only have one method of describing the lands and that is by listing the numbers according to the government plats, and, if we discard that description, we have nothing else to resort to in ascertaining what lands are to be included.

(2)   We are of the opinion, therefore, that we must treat the language describing the lands literally, and say that the Legislature intended to describe the west half of section twenty-six (26), and to omit the lands in section twenty-eight (28). That being true, it necessarily follows that the act is, on its face, arbitrary and discriminatory in that it embraces a tract of land two miles distant from the other lands in the district and from the proposed road, and omits the intervening lands. In other words, the Legislature authorizes the taxation of a tract of land two miles distant from the improvement and omits the two sections of land intervening, and it is a demonstrable mistake on its face. Much is to be left to the judgment and discretion of the Legislature in creating improvement districts, and the court should always respect that determination, unless it is manifestly arbitrary, but it is the duty of the court to interfere where the statute shows on its face that it is arbitrary. *Coffman* v. *St. Francis Drainage District,* 83 Ark. 54.

(3)   It is next contended that we may strike out the description of the land in section twenty-six (26) so as to eliminate that tract from the operation of the statute and uphold the district as to the other lands described. Counsel invoked the doctrine often announced in decisions of this court to the effect that the unconstitutional portion of a statute may be stricken out without impairing the effect of the remainder where the provisions are wholly independent and it can be seen that the lawmakers would have enacted the remaining part of the statute. *Parkview Land Co.* v. *Road Improvement District No.* 1, 92 Ark. 93, is a typical case announcing that doctrine. The doctrine can not be applied, however, in a case like this which affects the validity of an assessment of lands according to legislative determination. We must treat the statute as a determination by the Legislature that it is appropriate and just to impose the cost of the improvement upon all of the tracts of land included in the district, and if we strike out one of the tracts we vary the legislative decision and impose an additional burden on

the other lands described. We can not include section twenty-eight (28) in the district because the Legislature has given no authority to do so, and to uphold the validity of the district with section twenty-six (26) excluded would be to create an improvement district different from that authorized by the Legislature. This feature of the case is, we think, ruled by the decision of this court in *Norton* v. *Bacon,* 113 Ark. 566, where we said: "To exclude the territory from the plat would be to form a district of less territory than that included in the boundaries set forth therein; and, on the other hand, if we should include that territory in the district, it would be done without notice having been given to the owner as required by the statute. So we think that there is a fatal variance between the description of the lands embraced in the notice and those included in the plat and that this invalidates the formation of the district."

The principle announced in that case was reaffirmed in *Paschal* v. *Swepston,* 120 Ark. 230. The tract of land in question forms a very small part of the large territory embraced in the district, but we can not treat it as being too insignificant to be seriously taken into account in adjudicating the rights of the parties who own lands in the district. We do not know what its value really is compared with the other lands in the district. We must assume, at least, that it is of substantial value, and that is sufficient to call for the application of the principle herein announced, for if we undertake to vary the application of those principles according to the amount or value involved, we would have a very uncertain rule.

Our conclusion, therefore, is that the words of description employed by the lawmakers can not be varied and that, reading the descriptions literally, we find a statute which is so arbitrary and discriminatory on its face that it is void. The decree is, therefore, reversed and the cause remanded with directions to enter a decree in accordance with this opinion.