HUDSON *v*. QUATTLEBAUM.

Opinion delivered March 11, 1918.

1. DRAINAGE DISTRICTS—ORGANIZATION—DESCRIPTION OF LANDS INCLUDED.—In the organization of a drainage district, the boundaries may be designated and described by reference to natural or artificial monuments; the engineer or surveyor is not required to outline the boundaries of lands by reference to plats only. If the boundaries of the district or the boundaries of the lands contained therein are described so that the land owners and county courts can understand where they are, such description would be sufficient. A survey or description referring to the only plat or map on file in the county, and in general use, is a sufficient description by which to designate and locate the boundary lines of a drainage district or the boundary lines of the lots of land contained therein.

2. DRAINAGE DISTRICTS—ORGANIZATION—CONTIGUOUS LANDS.—In the organization of a drainage district, *held*, a reference to the original plat, made a part of the transcript on appeal, showed that the lands sought to be embraced within the district, were contiguous.

Appeal from Jefferson Chancery Court; *Jno. M. Elliott,* Chancellor; affirmed.

*Earl S. Wood,* for appellant.

1. The court erred in dismissing the complaint and in holding the district valid. The lands, as shown by the official plat, are not contiguous. 196 S. W. 930.

*Crawford & Hooker,* for appellees.

1.   196 S. W. 930 differs from this.

2.   The lands are contiguous according to the plat used in Jefferson County for years.   75 Ark. 400.

HUMPHREYS, J.   Appellant brought suit in the Jefferson Chancery Court against the Commissioners of Flat Bayou Drainage District, appellees herein, to enjoin the commissioners from issuing bonds or performing any other act, for the alleged reason that lot 2 in the S. W. ¼ of Sec. 19, and lot 2 in the N. W. ¼ of Sec. 30, T. 3 S., R. 8 W., in Jefferson County, Arkansas, included in the district, are separated from the body of the district by lot 3 in said quarter section, thereby constituting a district of non-contiguous territory.   Appellee answered, denying that lot 2 in the S. W. ¼ of Sec. 19, and lot 2 in the N. W. ¼ of Sec. 30, T. 3 S., R. 8 W., are separated from the body of the district by lot 3 in said quarter section.

The cause was heard upon the pleadings, the deposition of W. J. Parkes, with the exhibits thereto, and the certificate of G. W. Byington Abstract Company.   The court found that, according to the only official plat of the lands on file and in use in Jefferson County when the district was organized, lot 2 in each quarter section aforesaid included the same lands as lots 2 and 3 specified in plaintiff's complaint, and that the district is composed of entirely contiguous territory and dismissed appellant's bill for the want of equity.   From the decree dismissing the bill an appeal has been prosecuted to this court.

The evidence disclosed that the government plat of date January 17, 1826, on file in Jefferson County, and the United States Land Office in Little Rock, only contained two lots numbered 1 and 2 in each quarter section; that all conveyances of said lands from the United States Government down to the present owners described the lands in accordance with said plat; that after the government parted with its title to said lands under the description aforesaid, in accordance with the description in said plat, the original plat was amended by the United States Government on February 25, 1859, so

as to divide each original lot 2 into lots 2 and 3 in each quarter section; that the amended plat was filed in the United States Land Office at Little Rock but never filed in Jefferson County, and no one in Jefferson County knew of the existence of the amended plat, and, for that reason, was not used for descriptions in conveying lands in that county; that the original plat is the only plat used by the people of Jefferson County in laying off and locating their lands; that all the engineers and surveyors refer to the original plat in making their surveys; and that a reference to any other plat would not be understood and would be misleading to the people of the county, and that the district in question was organized and outlined by the engineer by reference to the original plat.

(1-2) In the organization of drainage districts, it is provided by section 1 of Act 279, Acts 1909, as follows: "The said engineer shall forthwith proceed to make a survey and ascertain the limits of the region which would be benefited by the proposed system of drainage; and such engineer shall file with the county clerk a report showing the territory which will be benefited by the proposed improvement, * * *." We are not familiar with any law requiring an engineer or surveyor to outline the boundaries of lands by reference to plats only. The boundaries to lands may be designated and described by reference to natural or artificial monuments. If the boundaries of the district or the boundaries of the lands contained therein are described so that the land owners and county court can understand where they are, such description would be sufficient. We think a survey or description referring to the only plat or map on file in the county, and in general use, is a sufficient description by which to designate and locate the boundary lines of a drainage district or the boundary lines of the lots of land contained therein. By reference to the original plat, made a part of the transcript in this case, it is definitely established that all the lands embraced within the district are contiguous.

The case of *Heinemann* v. *Sweatt et al.,* 130 Ark. 70, 196 S. W. 931, is cited to the effect that it is improper to include in drainage districts non-contiguous lands. It was not decided in that case that all lands embraced within a drainage district must necessarily be contiguous lands, nor do we commit ourselves to such a doctrine by anything said in this opinion. The case of *Heinemann* v. *Sweatt* has no application in this case for the further reason that the lands embraced within the district are shown to be contiguous.

No error appearing in the record, the decree of the chancellor is affirmed.