MILWEE v. TRIBBLE.

Opinion delivered July 7, 1919.

IMPROVEMENT DISTRICTS—DESCRIPTION OF LANDS BENEFITED—INVALID BECAUSE OF LANDS OMITTED—ROAD DISTRICT.—The act of 1919 attempting to create the Horatio and Eastern Road Improvement District of Sevier County, *held* invalid because the description in the act contains an entire section which is five miles distant from the remaining lands described in the act and constituting the body of the district, and excludes, or rather does not include, the lands intervening.

Appeal from Sevier Chancery Court; *James D. Shaver*, Chancellor; affirmed.

*J. S. Lake* and *Rose, Hemingway, Cantrell & Lough-borough,* for appellants.

1. It was error to sustain the demurrer. It was a mere mistake in including section 18 in the district. 130 Ark. 70.

2. This section should be stricken out as unconstitutional and the other valid sections allowed to stand. *Sallee* v. *Dalton,* 138 Ark. 549.

3. The bill was properly passed. This case is settled by 130 Ark. 505. See also in point 103 *Id.* 110; 133 *Id.* 64. The act should be upheld, notwithstanding the clerical error in writing up the journals.

*B. E. Isbell,* for appellee.

The act is unconstitutional and void, as the lands are not contiguous. 130 Ark. 70. The description is unambiguous and there was no mistake. *Ib.;* 83 Ark. 54. The act is manifestly arbitrary. *Ib.;* 81 Ark. 562. If the section 18 be eliminated the act will not stand the constitutional test. 113 Ark. 566; 120 *Id.* 230; 130 *Id.* 70. Section 25 of the act has not sufficient saving grace to sustain the act, as the cases cited, *supra,* show. The decree is right and should be affirmed.

WOOD, J. The General Assembly at its session of 1919 passed an act entitled ''An act to create Horatio and Eastern Road Improvement District of Sevier County.'' Acts 1919, act No. 204; 1 Road Acts, p. 652.

Included in the above district are the lands embraced in section 18, township 9 south, range 32 west. This land is situated a distance of five miles from the other lands described in the act. All the lands of the district, except that above described, constitute a compact body, the lands being contiguous.

The appellee, a landowner of the district, instituted this action against the appellants, as commissioners of the district, setting up that the act was unconstitutional and void, and prayed that the appellants as the commissioners of the district be enjoined from proceeding under the act. The appellants demurred. The demurrer

was overruled. The appellants stood on the demurrer and a decree was entered in favor of the appellee perpetually enjoining the commissioners from proceeding under the act. From which decree is this appeal.

The act is unconstitutional and void because as shown by the allegations of the complaint it contains an entire section "which is situated at a distance of five miles from the remaining lands described in the act and constituting the body of the district," and excludes, or rather does not include, the lands intervening.

The Government method of designating the land is adopted in the act and the language, "section 18, township 9, south of range 32 west," is unambiguous. We can not, therefore, substitute for the section named the intervening section which is not named and say that the Legislature intended to include the latter, and not the former, nor can we say that the Legislature intended to include the intervening section.

It is impossible that the lands in section 18, and the other lands five miles distant constituting the main body of the district, would be benefited while the intervening lands receive no benefit whatever. The act, therefore, upon its face shows an arbitrary discrimination between the landowners, who necessarily derive benefit from the improvement. The case under the facts, comes strictly within the rule announced in the recent case of *Heinemann* v. *Sweatt,* 130 Ark. 70-74. In that case we said: "Words of description employed by the lawmakers cannot be varied, and, reading the description literally, we find a statute which is so arbitrary and discriminatory on its face that it is void."

There is an independent section of the act under review which provides: "If for any reason any provision of this act shall be held to be unconstitutional, it shall not affect the remainder of the act, but the act, in so far as it is not in conflict with the Constitution, shall be suffered to stand." Appellant contends that under this provision the lands five miles distant from the main body of the district should be stricken out. The contention cannot be

sustained for the reasons given in *Heinemann* v. *Sweatt, supra*, as follows: "The doctrine cannot be applied, however, in a case like this which affects the validity of an assessment of lands according to legislative determination. We must treat the statute as a determination by the Legislature that it is appropriate and just to impose the cost of the improvement upon all of the tracts of land included in the district, and if we strike out one of the tracts we vary the legislative decision and impose an additional burden on the other lands described."

The provision including the section 18, township 9 south, range 32 west, is not independent of the other portions of the section describing the boundaries of the district and it is so interlocked and connected with the other provisions of the statute that it cannot be eliminated without imposing an additional burden upon the landowners in the portion of the district remaining.

The decision in *Snetzer* v. *Gregg*, 129 Ark. 542, is not applicable because it was based on a differently worded statute and related to a different state of facts. The statute in that case authorized the assessment of both real and personal property in a district, but declared that if the assessment on one class of property should be judicially decided to be void, it should not affect the validity of assessments on the other class of property. That was an attempt on the part of the Legislature to impose assessments on a class of property which, according to our decision, could not be taxed under the Constitution for local improvements, but the lawmakers declared in advance, if the attempt proved ineffectual, their intention to exercise the power to the extent that it actually existed. In other words, in construing the statute and testing its validity, we struck out the void provision for the assessment of personal property, and, pursuant to the express declaration of the lawmakers as to their purpose, we upheld the valid provision for the assessment of real property.

In the present case we do not, and cannot, strike anything from the statute, for it is void as a whole. The in-

clusion of section 18 constituted a legislative finding that the tract will be benefited by the improvement and the implication necessarily follows that the intervening omitted lands will also be benefited. The statute is void, not because it includes section 18, but because, while including this, it excludes the intervening lands; and it is not a case where only a part of a statute is void, but one where the whole is void for the reason that the Legislature has omitted lands which, according to its own findings, will necessarily receive benefits from the improvement.

The decision of the chancery court is, therefore, correct, and it is affirmed.

HUMPHREYS, J., (dissenting). The inclusion of lands in section 18, township 9 south, range 32 west, which are five miles from the other lands embraced in the district, does not evidence an intention to include intervening lands, if the lands in said section were included through a clerical error. If included through a misprision, it follows, as a matter of course, that the Legislature never intended to include the lands between said section and the main body of lands embraced in the district. This is the very point at issue in this case, and the court should have determined the issue one way or the other before finding that the Legislature intended to include the intervening lands. The rule announced in the case of *Heinemann* v. *Sweatt* was based upon the fact that the Legislature really intended to include the lands not adjacent to other lands embraced in the district. And the intent was not determined from the mere inclusion of the remote territory, but from a reading of the whole act. In rendering the opinion in the case of *Heinemann* v. *Sweatt*, 130 Ark. 70, the court took occasion to say:

"The method of description adopted by the Legislature does, indeed, indicate an intention to embrace all the lands abutting on the west side of the road, and this would indicate that a mistake was made in describing a portion of section twenty-six (26) instead of a portion of section twenty-eight (28), but it is quite a different ques-

tion for us to undertake to treat this as merely a clerical error and undertake to correct the error by substituting a description of land which the framers of the statute entirely omitted. We may be fully satisfied that the Legislature intended to describe section twenty-eight, but yet we are powerless to correct the error, for the simple reason that to do so would be purely a matter of legislation on our part. That would constitute an amendment of the statute to conform to what we conceive to be the legislative intent. In other words, the case presents a situation where we are reasonably certain that the language used does not express the legislative will, yet we are not at liberty to substitute the language which we think will express it.''

In the instant case, a substitution of one tract for another is not required. There is nothing in the act to indicate an intention to include all the lands on any particular side of a road or other monument, as in the case of *Heinemann* v. *Sweatt, supra.* So, the lands in said section 18 can be eliminated under the rule that they were included by mistake, or by clerical error. Of course, if it were necessary to substitute other lands to carry out the purpose or intent of the Legislature, such act on the part of the court would be a form of Legislation, but, it is in no sense legislation to treat the inclusion of lands in said section 18 as a clerical error. I do not question the soundness of the doctrine announced in *Heinemann* v. *Sweatt, supra,* but I think the application of the doctrine to the facts in this case clearly erroneous.

I also think the act should be upheld under the doctrine announced in the case of *Snetzer* v. *Gregg,* 129 Ark. 542. The provision including section 18, township 9 south, range 32 west, is independent of the other portions of the section describing the boundaries of the district. It may be eliminated because included through a clerical error, leaving intact all the lands intended by the Legislature to be embraced in the district. The act itself provided for just such a contingency as we have here, in the following language:

"If for any reason any provision of this act shall be held to be unconstitutional, it shall not affect the remainder of the act, but the act in so far as it is not in conflict with the Constitution, shall be suffered to stand."

For the reasons given, I think the decree should be reversed and the act declared valid.