## BOOE *v.* SIMS.

Opinion delivered July 14, 1919.

1. LEGISLATIVE ACTS—TEST OF PROPER ENACTMENT.—In determining whether an act has been properly passed by both houses of the Legislature, the court will not look beyond the records, books, papers and rolls of the Legislature, and the journals of each house required to be kept by the Secretary of State.

2. STATUTES—CONSTRUCTION—VALIDITY.—Where the language of a statute is susceptible of two constructions, the court will adopt the construction which will render the statute valid.

3. IMPROVEMENT DISTRICTS — ROAD DISTRICT — DESCRIPTION OF LANDS INCLUDED.—An act creating a road district described the lands contained in the district as follows: "All of sections 2-36, both inclusive, township 4 north, range 5 west, west of White River. Sections 12 and 13 lay east of White River". *Held,* the description covered all the sections in township 4 north, range 5 west from 2 to 36, both inclusive, which lay west of White River, and and that such description was valid.

4. IMPROVEMENT DISTRICTS—DESCRIPTION OF BOUNDARIES—VALIDITY.— A road improvement district was organized by special statute, the act describing the southern boundary of the district as: "The north half of sections 19, 20, 21 and 22, township 2 north, range 5 west, including the right-of-way of the Chicago, Rock Island & Pacific Railway  *  *  *  ." *Held,* the description was valid, and only so much of the right-of-way of railway was included in the district as lay within the sections described.

5. ROADS AND ROAD DISTRICTS—ORGANIZATION—ROUTE.—Under Act 302, Acts 1919, a road ran into an incorporated city and into a street which was stopped at a certain point by dwellings. *Held,* under the act the route may be varied so as to pass around houses or other obstructions.

6. SAME—ROUTE—ROAD OF ANOTHER DISTRICT.—An act creating a road district is not rendered void because the roads to be constructed in the district are tied together by other roads constructed or being constructed by independent improvement districts. The boundaries of separate districts may overlap without destroying the independence or singleness of each, if the lands in both derive a substantial benefit from either improvement.

Appeal from Prairie Chancery Court, Northern District; *John M. Elliott,* Chancellor; affirmed.

*W. H. Gregory,* for appellant.

1. The act was never properly passed by the Legislature as the Constitution requires. Art. 5, secs. 21-22.

2. The description 2-36 only embraces the two sections and the act is void for uncertainty. 122 Ark. 491; 105 *Id.* 380; Standard Dict. (20 ed.), "Hyphen."

3. The improvements are not connected, as there is a gap of at least a mile between them and the improvements are too remote from each other, etc. 118 Ark. 294.

4. The act fixing the southern boundary line is indefinite and uncertain, as the Chicago, Rock Island & Pacific Railway lies separate and apart from the boundaries of the district. 130 Ark. 70; 142 *Id.* 492.

5. The road from Des Arc to Hazen is improperly described, as if followed it would pass over lands, none of which are embraced in the district. 120 Ark. 517.

6. Section 2 authorizes the commissioners to build lateral roads without limitation and compel the county court to lay out same, if not already public roads. The commission is too broad—a roving commission—which avoids the act. 118 Ark. 119; *Ib.* 125.

7. The commissioners are given absolute authority to make and determine plans for improvements and no provision is made for a hearing by or approval of the county court, thus depriving it of its jurisdiction.

*Emmett Vaughan* and *J. W. House, Jr.,* for appellee.

1. The journals of the Legislature on file in the Secretary of State's office show that the bill was duly passed by both houses as the Constitution requires. 40 Ark. 215-16; 90 *Id.* 177-8; 103 *Id.* 113-14; 34 *Id.;* 76 *Id.* 201. The presumption is in favor of the constitutionality of the act. 75 *Id.* 120; 72 *Id.* 201. No evidence is admissible to contradict the records of the Secretary of State as to the proper passage of a law. The journals are conclusive. Cases *supra.*

2. The - between 2-36 is not a "hyphen" but a "dash." "Dash," Cent. Dict. There is no ambiguity in the description, as 2-36 means 2 to 36. 110 Ark. 99.

3. The act does not call for two separate improvements not connected with each other. The act in no way violates any constitutional provision. 130 Ark. 507-517; 131 *Id.* 59; 125 *Id.* 325; 133 *Id.* 380.

4. An inspection of the map shows that the railroad is properly included and described. 130 Ark. 70. Courts give a reasonable interpretation of the meaning of an act and not an unreasonable one.

5. Proceedings of the commissioners do not violate the Constitution nor interefere with the jurisdiction of the county court. *Sallee v. Dalton,* 138 Ark. 549; *Cumnock v. Alexander.*

6. Unlimited authority is not given the commissioners as to laterals, etc. *Ib.,* and *Reitzammer v. Dist.*

7. The jurisdiction of the county court is not in any way taken away. 120 Ark. 284; 134 *Id.* 30. The act is not unconstitutional. See 110 Ark. 99; 113 *Id.* 193; 106 *Id.* 139.

*Frauenthal & Johnson, F. E. Brown* and *Cooper Thweatt, amici curiae.*

1. The boundaries of the district must be definite and certain. 122 Ark. 491. Here the boundaries are so indefinite as to render the act invalid. 130 *Id.* 70; 105 *Id.* 392; 122 *Id.* 498.

2. The district fails because the act provides for improving a road along the route where there is no public road. The route as described cannot be followed without opening a new county road. Act 442, Acts 1911, is a public act and county courts are given power to open new roads and change old ones. Improvement districts are not empowered to do this. 88 Ark. 517; 118 *Id.* 125; 34 *Id.* 224; 202 S. W. 831.

3. The act is void because it provides for the improvement of two roads which do not connect and which constitute distinct and separate improvements. 118 Ark. 301.

*W. A. Leach, amicus curiae.*

The act is unconstitutional. 122 Ark. 492-7; 130 *Id.* 70; 83 *Id.* 54; 130 *Id.* 516; 118 *Id.* 294; 75 *Id.* 542; 130 *Id.* 70; 105 *Id.* 392; 122 *Id.* 491.

HUMPHREYS, J. The issues presented by the pleadings in this case involve the validity of an act of the General Assembly of 1919 (Act No. 302) creating road improvement district, designated as the Des Arc-Hazen Road Improvement District of Prairie County.

(1) It is contended that the act is void because, after the act was read the first and second times in the Senate, the first two pages were extracted and two pages substituted for them, which had not been approved by the Senate. In determining whether an act has been properly passed by both houses of the General Assembly the court will not look beyond the records, books, papers and rolls of the General Assembly, and the journals of each house required to be kept by the Secretary of State. *Rogers* v. *State,* 72 Ark. 565. In the case of *Chicot County* v. *Davies,* 40 Ark. 200, Mr. Justice Smith took occasion to say that "the enrollment is a solemn record and the existence of the act is to be proved by the record and is not to depend on the uncertainty of parol proof or on anything extrinsic to the law and the authentic recorded proceedings in the passage thereof." This doctrine was reiterated in the case of *Harrington* v. *White,* 131 Ark. 291, in which the rule was laid down that "an act of the Legislature, signed by the Governor and deposited with the Secretary of State, raises the presumption that every requirement was complied with, unless the contrary affirmatively appears from the record of the General Assembly." This rule was confirmed in the recent case of *John W. Perry* v. *State of Arkansas,* 139 Ark. 227. All the records pertaining to the passage of the bill in question are incorporated in the transcript in this case. An examination of them fails to disclose that the first two sheets of the original bill, after being read the first and second times, were extracted and different sheets substituted

therefor, which were never read a first or second time in the Senate. Without an affirmative showing in the record to this effect, the act cannot be declared invalid. An admission to this effect, unless established by the record, could not affect the validity of the bill any more than parol proof to that effect.

It is also contended that the act is unconstitutional because the description of the lands in township 4 north, range 5 west, is indefinite and uncertain. The lands in said township and range embraced in this district are designated by sections and parts of sections. The particular description complained of in section 1 of the act is as follows:

"All of the territory embraced within this district lies west of White River and shall include the following described property, to-wit:

"All of sections 2-36, both inclusive, township 4 north, range 5 west, west of White River."

(2) It is insisted by appellant that the description "2-36, both inclusive," was intended to describe only two sections, 2 and 36. If appellant's contention is correct, the effect would be to include section 2, two miles from the improvement, and exclude several sections between it and the improvement. Under the rule laid down in the recent case of *Milwee* v. *Tribble,* 139 Ark. 574, this would render the act void as being arbitrary and discriminatory on its face. Our construction of the description, however, is that it describes all of sections 2 to 36, inclusive, in said township and range, lying west of White River. A dash between figurse is defined in the Century Dictionary as follows: "Dash—The em or the en dash is often used to indicate the omission of the intermediate terms of a series which are to be supplied in reading, between thus often equivalent to 'to * * * inclusive;' thus, Mark iv, 3-20 (that is, verses 3 to 20, inclusive); the years 1880-88 (that is, 1880 to 1888)." Of course, if the dash were treated as a hyphen, appellant's contention as to the meaning of the description would be correct. If by treating it as dash, instead of a hyphen, validity can

be given to the bill, that is the proper construction to give it, for, where the language is susceptible of two constructions, the court will adopt the construction which will render the statute valid. *Cunningham* v. *Keeshan,* 110 Ark. 99.

(3) It is manifest from the language used in the act that the Legislature only intended to include within the district lands west of White River. It is admitted in the answer that all or parts of sections 12 or 13, township 4 north, range 5 west, lie east of White River. On account of this admission the contention is made that the description "2-36" was not intended to include sections 12 and 13, and therefore must be construed as including sections 2 and 36 only. The logic of learned counsel for appellant would be sound if "2-36, both inclusive," stood alone. In that event, it must either mean the two sections only or the entire 35 sections, one or the other. But when followed by the words, "west of White River," as in this case, it clearly means all or such parts of the 35 sections in said township and range as lie west of the river. This interpretation is in keeping with the plain meaning of the language used. The language is: "All of sections 2-36, both inclusive, township 4 north, range 5 west, west of White River."

(4) It is also insisted that the act is void because the southern boundary of the district is indefinite and uncertain, in that the act fixes the one-half section line of sections 19, 20, 21, 22, township 2 north, range 5 west, and sections 23 and 24, township 2 north, range 6 west, as the southern boundary, and, at the same time, includes the right-of-way of the Chicago, Rock Island & Pacific Railway Company, most of which is conceded to lie 100 yards south of said one-half section line. The descriptive language in the act, construed by counsel for appellant as rendering the southern boundary of the district indefinite and uncertain, is as follows: " * * * and the north half of sections 19, 20, 21 and 22, township 2 north, range 5 west, including the right-of-way of the Chicago, Rock Island & Pacific Railway, * * * and

the north half of sections 23 and 24, township 2 north, range 6 west, including the right-of-way of the Chicago, Rock Island & Pacific Railway Company.'' We do not think the language of the act warrants such a construction. According to the map in the transcript, a part of the right-of-way of the Chicago, Rock Island & Pacific Railway is north of said one-half section line; so, the reasonable interpretation and one in keeping with the plain wording of the act, is that only so much of the right-of-way of said railroad as lies in the north half of said sections is intended to be included in the district. Any other construction would lead to the conclusion that territory intervening between said right-of-way and said one-half section line was intended to be included, but omitted. Such construction would render the act void under the rule announced in *Milwee* v. *Tribble, supra,* and *Heinemann* v. *Sweatt,* 130 Ark. 70. Where a statute is susceptible of two constructions, the court will adopt the one that will sustain the validity of the act. While we think there is no ambiguity in the language referred to, and that the language clearly sustains the construction that only such parts of the right-of-way as lie in the north half of said sections were intended to be included in the district, yet, under the rule last announced, applicable to the ambiguity of statutes, the statute is valid.

(5) It is also insisted that the act is void because it provided for the improvement of a road running west along the half section line of section 19, township 2 north, range 5 west, to Livermore street in the town of Hazen, where there is no public road, and where it would be impracticable for the county court to open a road or street, on account of houses or other improvements obstructing the way. It is immaterial whether the route designated by the Legislature follows a public road, because it is provided by section 2 of the act that: ''If any part of said roads has not been laid out as a public road, it is hereby made the duty of the county court of the proper county to lay the same out in accordance with Act No. 422 of the Acts of the General Assembly of the State of

Arkansas for the year 1911, entitled, 'An act to amend section 7328 of Kirby's Digest of the Statutes of Arkansas,' approved May 31, 1911.''

A like provision in a similar statute was upheld as constitutional in the recent case of *Sallee* v. *Dalton,* 138 Ark. 549. But it is said the Sallee case should not rule the instant case because it did not appear in the Sallee case that the way was obstructed by houses and other improvements. This, however, can make no difference, as there is no inhibition against the opening of public roads over improved lands. Again, it is provided in the act that the commissioners, with the approval of the county court, may vary the route. Even under the restricted construction placed upon a grant of such power in the case of *Rayder* v. *Warrick,* 133 Ark. 491, 202 S. W. 831, the route might be varied so as to pass around houses or other obstructions. It goes without saying that the route, as varied, must remain within the boundaries of the district. Appellant has called attention to the fact that Livermore street, in the town of Hazen, is not open to the corporate limits, and that the county court has no jurisdiction to approve a plan for a new street or route within the corporate limits of a town, and, for that reason, it is contended the act is void. This conclusion is reached on the theory that the city council is vested by the Constitution, of the State with the exclusive jurisdiction to open highways through a town. No such exclusive power is granted to the agencies of towns.

It is insisted the act is void because the route or roads, designated for improvement, are separated for the distance of a mile by a road being constructed by another district from the southeast corner of section 10 to the northwest corner of block 25, W. S. Des Arc. It is said that the roads are so disconnected and remote from each other as to constitute separate or independent improvements, and that the legislative determination that they constitute a single improvement is an arbitrary exercise of power. The section of the act assailed is as follows: ''It is found and declared by the General Assembly that the road now being constructed by Road Im-

provement District No. 4 of Prairie County, connects the roads hereinabove described, making a single improvement, and for the purposes of this act, it is hereby declared that the connection extending from the southeast corner of section 10 to the northwest corner of block 25 W. S. Des Arc, shall operate to constitute the lines of road mentioned in this act as a single improvement.''

(6)   A similar statute was before this court for review in the recent case of *VanDyke* v. *Mack,* 139 Ark. 524. In that case, it was held that a connecting road between the contemplated improvement, ten miles in length, in the course of construction by an independent improvement district, did not frustrate the design of the Legislature in creating the Jackson County Improvement District, even though the boundaries of the district were fixed by measurement from the route selected.   In the instant case, the boundaries are not dependent on the route of the road constructed and the gap is only one mile in length, as compared to ten miles in the Jackson County district.   The mere fact that roads to be constructed in an improvement district are tied together by other roads constructed, or being constructed by independent improvement districts, does not prove that the proposed district is a combination of independent districts.   Even the boundaries of separate districts may overlap without without destroying the independence or singleness of each, if the lands in both derive a substantial benefit from either improvement.   *Cumnock* v. *Alexander,* 139 Ark. 153; *VanDyke* v. *Mack,* 139 Ark. 524.

The last contention of appellants, that the broad powers conferred upon the Board of Commissioners is an infringement upon the exclusive jurisdiction of the county court over roads, is contrary to the doctrine announced in *Sallee* v. *Dalton, supra,* and approved by *Cumnock* v. *Alexander, supra,* and *Reitzammer* v. *Commissioners of Desha Road Improvement District No. 2 et al.,* 139 Ark. 168.

No error appearing, the decree of the learned chancellor is affirmed.

HART, J., dissents.