SADLER *v.* MCMURTREY.

Opinion delivered March 27, 1922.

HIGHWAYS—ROAD IMPROVEMENT DISTRICT—VALIDITY OF ACT·CREATING. —Where a bill attacked the validity of an act creating a road improvement district on the ground that certain lands were arbitrarily excluded therefrom and that the only. practical route from plaintiff's and other lands was over the excluded lands, without alleging facts showing that, on account of the topography of the country, this was plaintiff's only means of access to the road, the allegations were insufficient to show that the exclusion of the lands in question was arbitrary and discriminatory.

Appeal from Cleveland Chancery Court; *John M. Elliott,* Chancellor; affirmed.

*Woodson Mosley,* for appellant.

The statute is arbitrary and discriminatory on its face, and therefore unconstitutional and void. 130 Ark. 70; 139 Ark. 574; 142 Ark. 73; 145 Ark. 49.

*Rowell & Alexander,* for appellees.

The boundaries of special improvement districts are determined by the Legislature, and this court is concluded by that determination except as to obvious and demonstrable mistakes. 104 Ark. 430; 102 Ark. 553; 141 Ark. 301.

There is nothing to show there was a mistake in fixing the boundaries, and the court was right in upholding the act. 139 Ark. 322.

A collateral attack cannot be made upon the assessment of benefits except as pointed out by statute. 139 Ark. 168; 139 Ark. 277; 144 Ark. 632; 147 Ark. 469.

HUMPHREYS, J. This is an attack by appellant, a property owner within Road Improvement District No. 3 of Cleveland County, upon the validity of the district created by special act No. 645 of the Legislature of Arkansas in 1919. The district was created for the purpose of constructing a road from Rison in a southeasterly direction toward Monticello. Lands embraced within the district were designated by government calls, laid on each side of the road to be constructed, were contiguous to each other, separated in no way, as shown by the plat, from other lands in the district except by Big Creek, Saline River, railroads and other roads in the district. The northwest boundary line of the district excluded from the district the southeast quarter of section 2 and the north half of the northeast quarter of section 11, township 9 south, range 11 west, and included within the district the north half of the northwest quarter of said section 11. Appellant owned the land covered by the latter call. The land excluded from the district was between appellant's land and the town of Rison, the beginning point of the road to be constructed. The Rison and Kingsland road ran from Rison in a southwesterly direction through the lands described which were excluded, and also through lands included in the district belonging to other parties than appellant. The road to be improved, as stated above, ran in a south-

easterly direction from Rison.     The lands described as being in sections 2 and 11 which were excluded were nearer the road to be improved than appellant's land. The lands excluded in section 11 lie directly east of appellant's land and the road to be improved, but did not abut on the road.     All lands to the south and southeast of appellant's land, up to and abutting on the road to be improved, are included within the district.     In this direction no excluded lands intervened between appellant's land and said road.     So far as appears from the record, appellant's land is accessible to said road in that direction.     A small part of section 15 and all of section 22 in township 10 south, range 10 west, in said county, are included within the district, but lie on the west side of Saline River, which separates these lands and other lands embraced within the district.     Section 27, immediately south of said section 22, was excluded from the district. The statements above made concerning the location of the lands excluded from and included within the district are based upon a plat of said district attached to the bill as an exhibit.

The validity of the act creating said district is questioned upon the grounds, *first,* that the exclusion of the lands in said section 2 and 11 was arbitrary and discriminatory, because the only alleged practical route from appellant's land to the improvement was over the lands thus excluded; and, *second,* because the only alleged practical route from sections 15 and 22, south of Saline River, to said road was over said section 27, which was excluded from the district.     Appellant cites in support of his contention that the exclusion of the lands described was arbitrary and discriminatory, rendering the district void: *Heinemann* v. *Sweatt,* 130 Ark. 70; *Milwee* v. *Tribble,* 139 Ark. 574; *Johns* v. *Road Imp. Districts,* 142 Ark. 73; *Ruddell* v. *Rutherford,* 143 Ark. 49.     The facts in the cases cited showed that the complaining owners of lands were entirely separated from the roads to be improved by intervening lands excluded from the district.     In the case of *Ruddell* v. *Rutherford, supra,*

the facts showed that, on account of the main channel of White River, it was impractical to go from section 19 to section 17, and that the only practical route in passing from one section to the other was through section 18, which was excluded from the district, and that it was apparent that section 18 was benefited by the improvement if section 19 was so benefited. No facts were alleged in the bill in the instant case showing that, on account of the topography of the country, the only access from appellant's land to the improvement was over and across said lands in sections 2 and 11 which were excluded from the district. The plat filed as an exhibit to the bill shows that the lands included in the district south and southeast of appellant's land are open and without barriers, over which appellant might pass from his land to the road to be improved. According to the plat, his land is not entirely separated from approach to the improvement by lands not included in the district. So with reference to the lands in said section 15 and 22, lying south of Saline River. According to the plat, they lie nearer to the road to be improved than section 27, over which it is alleged the practical route lies in passing from sections 15 and 22 to the road to be improved. The only obstruction shown by the plat in the direct route from sections 15 and 22 to the road to be improved is the Saline River, which is a small river, and the bill contains no allegation that it cannot be forded or crossed by ferry or other means common to travel in the vicinity of rivers. The allegations of the bill, being mere conclusions unsupported by alleged facts, were insufficient to show that the exclusion of the lands in question from the district was an arbitrary and discriminatory exercise of the power of the Legislature in defining the boundaries of the district. The court was therefore correct in sustaining a demurrer to the bill and, upon the declination of appellant to plead further, in dismissing the bill. The decree is therefore affirmed.

Wood and Hart, JJ., dissented.