SALE *v.* ROAD DISTRICT No. 16 OF WOODRUFF COUNTY.

Opinion delivered January 22, 1923.

1.   HIGHWAYS—ROAD IMPROVEMENT DISTRICT—DEVIATION FROM ESTABLISHED ROAD.—Where a special statute authorizing the improvement of a highway particularly described the route of the road, in some places designating it as the route of a public road and in other places designating it by section lines and corners, but

the evidence shows that the route runs along an established public road, the fact that in two or three instances the public road has been slightly shifted for the convenience of travel does not amount to such a deviation from a public road as would affect the validity of the improvement project.

2. HIGHWAYS—ROAD IMPROVEMENT—DISCRIMINATION.—Where a road improvement district created by special statute was bounded on one side by a river having sharp bends, so that certain territory outside of the district, being on the opposite side of the river was much nearer to the road than territory included within the district, the statute authorizing the improvement was not for that reason arbitrary and discriminatory.

3. HIGHWAYS—ROAD IMPROVEMENT DISCRIMINATION.—Inclusion within a road improvement district separated from other land contiguous to the road by a body of water was not arbitrary where such land was accessible from the road by a bridge at one place and a ferry at another.

4. HIGHWAYS—ZONE SYSTEM OF ASSESSMENT.—The zone system of of assessing the benefits of a road improvement will be upheld where it appears that the assessors considered all the elements affecting the benefits.

Appeal from Woodruff Chancery Court, Northern District; *A. L. Hutchins,* Chancellor; affirmed.

*R. M. Hutchins, Mehaffy, Donham & Mehaffy* and *E. L. Boyce,* for appellants.

The whole of the route of the road as laid out by the Legislature does not traverse a public highway, and no proper steps to declare such portion of the route a public highway have been taken. 138 Ark. 549; 147 Ark. 160; 91 Ark. 274; 118 Ark. 125; 89 Ark. 513. Act 183 is void because it includes a portion of White County in the district without providing machinery for the levy and collection of taxes thereon. There are certain lands lying in the district which are not taxed.

The assessments were void and not made in accordance with rules heretofore declared fair and just in 141 Ark. 164; 139 Ark. 322; 64 Ark. 265; 86 Ark. 15.

*Roy D. Campbell, Harry Woods* and *Coleman, Robinson & House,* for appellees.

The Legislature has discretion in determining the boundaries of a road district. 139 Ark. 153; *Id.* 431;

213 S. W. (Ark.) 726.. The route of the road is along the public highway in its entirety. The assessments were made on the zone basis, taking into consideration all the elements going to show actual benefits, and is in accordance with numerous cases upholding this manner of making assessments. See 141 Ark. 164; 143 Ark. 341; 139 Ark. 322; 135 Ark. 155.

McCULLOCH, C. J. The road improvement district involved in this controversy is one created by special statute (unpublished) of the extraordinary session of the General Assembly held in January, 1920, authorizing the improvement of a road running from a certain designated street corner in the town of Augusta to the north boundary line of Woodruff County. The route of the road is particularly described, in some instances being designated as the route of a public road, and in other places merely designated by section lines and corners.

This suit was instituted in the chancery court of Woodruff County by appellants, who are the owners of real property in the district, attacking the validity of the organization and also the validity of the assessment of benefits. One of the points of attack is that the route of the road described does not follow the established public road, but the evidence in the case does not bear out this contention. While the calls in the description of the route of the road do not in each instance refer to the road as a public road, the evidence in the case is sufficient to show that it is, in fact, a public road running along the designated route, but that in two or three places the route of the public road has been very slightly shifted for the convenience of travel. These shiftings of the route, however, are slight and are not sufficiently material to be treated as a substantial deviation from the route designated in the statute. In fact, the evidence shows that the designated route conforms to the original route of the public road which will be adhered to as a public

highway, notwithstanding the slight shiftings in the places mentioned for the convenience of travel. At any rate, this is not such a deviation of the route of the road as would affect the validity of the project authorized by the statute. *Crawford* v. *Pulaski Road Improvement District No. 10,* 154 Ark. 311.

The next ground of attack on the validity of the organization is that a small tract of land on the west side of White River, and in White County, is included in the boundaries of the district without providing any method for supervision of the assessments in that county.

The boundaries of the district are described in the statute by following section lines or lines of section subdivisions and by following the meanderings of White River at the place where the district is bounded by that stream. White River is the boundary line between White and Woodruff counties, and this district is created as a Woodruff County district, the road to be improved being entirely in Woodruff County, and all of the proceedings are to be conducted in that county. The small tract of land which it is claimed is within the district and in White County, according to the designated boundaries of the district, contains about an acre and a half in area, and the evidence shows that this is merely a sandbar formed in the bend of the river and is submerged at any stage of water above ordinary. However, it is clear from an examination of that part of the statute which describes the boundaries of the district that, if this sandbar be deemed a tract of land, and is in White County, it is an obvious mistake in the designation of the boundary at that place, for the language of the statute unmistakably indicates that it was not the intention to include any lands west of White River.

There are sharp bends in White River where it bounds this district on the west, and one of these points is opposite the town of Augusta, which is situated on the east bank of the river. The bend of the river, at the

place, forms almost a complete loop across from the town of Augusta, and the area embraced in this loop, being west of the river, is not included in the district. Another double bend to the westward leaves a large area in the district east of the river, but due west of the lands in the loop just mentioned. It is contended that these lands in the loop west of the river are closer to the improvement than the lands across the river but west of the loop, and that this presents an instance where lands close to the road are omitted from the district whilst lands further removed are included. A consideration of the location of these lands makes it obvious that there is no discrimination, for the lands within the loop mentioned are on the west side of the river, while the other lands are on the east side. Therefore the determination that one of the areas mentioned—that on the west side of the river—will not be benefited and that the other area on the east side will be benefited, is not arbitrary. This feature of the case is ruled by our decision in *Sadler* v. *McMurtrey*, 152 Ark. 621, and *Neterer* v. *Dickinson*, 153 Ark. 5. This attack upon the validity of the statute as being arbitrary and discriminatory is therefore unfounded.

Again, it is urged that the statute is void because it includes lands that are west of a certain stream or body of water which completely separates these lands from the area which are contiguous to and may be benefited by the improvement.

Taylor's Bay, the body of water mentioned, runs north and south, parallel with White River, and empties into that stream at a point where it forms the boundary of the district. About two and a half sections of land in the district lie west of Taylor's Bay and is subject to overflow from White River. It is contended that these sections of land are cut off from the district and cannot possibly receive any benefit from the road, which is situated several miles east of Taylor's Bay. The evidence in the case shows that these lands, while subject to over-

flow, are of considerable value, especially for grazing purposes, and that the value can be enhanced by draining and leveeing, and that they are accessible from the road to be improved by reason of a ferry at one place on Taylor's Bay and a bridge at another place. The principle announced by this court in *Rogers* v. *Highway Improvement District,* 139 Ark. 322, is controlling in determining whether or not the inclusion of these lands in the district was arbitrary and without justification.

Finally, it is contended that the assessment of benefits is arbitrary and without any foundation in reason, and that it should be set aside. There was considerable testimony adduced on this subject, and there is a conflict in the opinion of witnesses as to the justice of the assessment. The assessors adopted what is termed the zone system, dividing the territory into four zones, according to the distance of the lands from the road, and fixing a flat rate for each zone, except that the assessments on lands subject to overflow west of Taylor's Bay were fixed at one-half of the rate fixed upon other lands in the same zone.

The testimony warrants the conclusion that the assessors did not act arbitrarily in adopting the zone system, but that, on the contrary, they considered all of the elements which might enter into the question of benefits, and reached a conclusion after consideration of those elements. It is not a case, according to the evidence, of an arbitrary adoption of a certain method of appraising benefits in disregard of all other considerations which might affect the question. We have upheld, in a number of cases, this method of assessment where the proof showed that it was adopted upon proper consideration of the elements affecting benefits. If there was any error in the adoption of the zone system, it was, according to the evidence, an error of judgment, and did not result from an arbitrary disregard of all the elements which should have been considered.

We find that all of the attacks upon the validity of the district and upon the assessment of benefits are unfounded.

The decree of the chancery court dismissing the complaint for want of equity is correct, and the same is in all things affirmed.