## WACASTER v. HOT SPRINGS.

### Opinion delivered October 13, 1924.

1. STATUTES—SPECIAL STATUTE—PUBLICATION OF NOTICE.—Although a proof of publication of notice of an intention to apply for a special act, which is attached to the original bill and is on file with such bill in the office of the Secretary of State, fails to show compliance with Const. 1874, art. 5, § 26, in regard to giving 30 days' notice of such intention, such proof of publication is not properly a part of the bill nor a record of which the courts may take judicial notice.

2. STATUTES—SPECIAL STATUTE—PRESUMPTION.—The passage of a special act is conclusive of the fact that due notice was given of the intention to apply for its passage, unless the contrary is shown by some record of which the courts take judicial notice.

Appeal from Garland Chancery Court; *J. P. Henderson,* Chancellor; affirmed.

*R. G. Davies,* for appellant.

Courts will take judicial notice of the original bill, its indorsements, and all rolls, records, etc., which have been properly signed and deposited with the Secretary of State. See C. & M. Dig., § 4121. The Constitution, art. 5, § 26, requires evidence of publication of notice to be exhibited in the General Assembly before the passage of the act. If the record is silent, there is of course a presumption of its having been exhibited, but, if the record shows plainly that the notice was not published for thirty days before the act was introduced, it should he held void. 132 Ark. 240. The court will not look

beyond the records, etc., of the General Assembly in determining whether an act has been properly passed. 139 Ark. 595. If the errors appear on the engrossed bill, they will be considered. 216 S. W. 31. Judicial notice of the record will be taken. 216 S. W. 500; 218 S. W. 389. It is the duty of the court to look to all the records in the office of the Secretary of State. 130 Ark. 503.

*Calvin T. Cotham,* for appellee.

WOOD, J. This is an action by the appellants, who alleged that they were citizens, taxpayers, and owners of animals and places of business where they were carrying on a dairy and stock raising business upon their own or leased property in the vicinity of the city of Hot Springs. The action was instituted in the chancery court of Garland County against the city of Hot Springs to enjoin it from enforcing the provisions of act 542 of the Special Acts of the General Assembly of 1923 (Acts of 1923, page 1168), on the ground that the act was unconstitutional and void because it was a special act, and that article 5, § 26, of the Constitution of 1874 was not complied with in the passage of such act.

To sustain their contention the appellants introduced, through the Secretary of State, the original bill, and attached thereto was the proof of publication of notice of the intention to apply for its passage, signed and verified by E. Marion Riggs, publisher of the The New Era, a newspaper published in the city of Hot Springs, Garland County, Arkansas. This proof of publication states that the notice had been published in the newspaper thirty times upon the following dates, to-wit: The first insertion on January 25, 1923, the last insertion on February 26, 1923. The bill was introduced in the lower house of the General Assembly on the 19th of February, 1923, and was passed by the House and finally by the Senate on March 2, 1923, as shown by the indorsements on the bill.

The appellees denied the allegation that the provision of the Constitution as to the notice of intention had not been complied with, and set up and offered to prove

that notice of intention to apply for the passage of the bill had been given thirty days before the bill was introduced, and the publisher, E. Marion Riggs, who was a witness to that effect, asked that his certificate of proof of publication be corrected to show that fact. The trial court, however, ruled that the testimony offered by the appellees concerning the proof of publication was incompetent, and also held in effect that the proof of publication attached to the original bill was not competent to prove that article 5, § 26, of the Constitution of 1874 had not been complied with. Upon the whole case the court entered a decree dismissing the complaint for want of equity, from which decree is this appeal.

1. In *Booe* v. *Road Imp. Dist.*, 141 Ark. 147, we said: "It would not do to relegate to the courts the ascertainment of a jurisdictional fact for the Legislature upon admission in pleadings by agreement of the parties, or by proof introduced of facts not required to be made a matter of record by the Constitution. To hold otherwise would make the validity of special laws depend upon the action of the parties, and might make it valid as to one person and invalid as to another in the locality affected by it. Such a course would not only be ruinous to the people in such localities, but might unsettle every special act passed since the adoption of the Constitution."

Article 5, § 26, of the Constitution, *supra,* requires that evidence of the notice of the intention to apply for the passage of a special bill shall be exhibited in the General Assembly before such act shall be passed. There is nothing in the Constitution, nor is there any statute requiring that the proof of publication of this notice shall be spread upon the journals of the General Assembly or otherwise preserved as a record in connection with the passage of the bill. Attaching such proof to the original bill did not make it a part of the bill. There is no provision of the Constitution or statute requiring that it be attached to the original bill. Such proof of publication of notice is not a roll, record, document or paper required

by law to be kept in the office of the Secretary of State, and therefore such proof of publication does not come within the provisions of § 4121 of Crawford & Moses' Digest. As is said in *Booe* v. *Road Imp. Dist., supra:* "The passage of the act is conclusive of the fact that due notice was given, unless the records of which the courts may judicially take notice show otherwise." See also *Booe* v. *Sims*, 139 Ark. 595.

The decree is correct, and it is therefore affirmed.