HILL v. ECHOLS.

## Opinion delivered November 17, 1919.

1. ROADS AND ROAD DISTRICTS—DESCRIPTION OF ROUTE—IDENTIFICA-TION.—The roadway provided for in act 402, page 1693, of the Acts of 1919, is, from the terms of the act, capable of identification, and the statute is not uncertain in that respect.

2. ROADS AND ROAD DISTRICTS—WOODRUFF COUNTY—JURISDICTION OF COUNTY COURT.—Act 402, Acts 1919, *held* to provide that the county court of the Southern District of Woodruff County, at Cotton Plant, have jurisdiction of the proceedings in the creation of the road district therein provided for.

3. IMPROVEMENT DISTRICTS — COUNTY IN TWO DISTRICTS — JURISDIC-TION.—Although the Legislature, by statute has divided a county into two judicial districts, the Legislature may withdraw the divided jurisdiction of the courts provided for and confer exclusive jurisdiction upon one of the courts, of matters relating to a road district, running through both judicial districts.

4. ROADS AND ROAD DISTRICTS — COLLECTION OF ASSESSMENTS.—The courts of either district of Woodruff County have authority to enforce collection of assessments of the district created by act 402 of 1919.

5. IMPROVEMENT DISTRICTS—EXEMPTION OF CERTAIN LANDS.—The exemption of benefited lands, and not the mere failure to include all such lands within the prescribed limits of an improvement district, operates as an unjust discrimination, and invalidates the creation of an improvement district.

6. SAME—SAME.—Act 402 of 1919, creating a road district in Woodruff County, failed to include certain lands in the town of Cotton Plant, but provided that the commissioners could include such lands if they thought proper. *Held,* the provision did not invalidate the statute.

7. SAME—LANDS IN ADJACENT COUNTY.—Act 402 of 1919 is not invalid because it fails to include within the district thereby organized lands in Monroe County which abut upon the road, and which are benefited thereby.

Appeal from Woodruff Chancery Court, Southern District; *A. L. Hutchins,* Chancellor; affirmed.

*Ross Mathis,* for appellants.

1. The description of the road to be improved is too vague and indefinite for identification. The agency provided for approving the plans and for levying assess-

ments is not sufficiently designated and the court to enforce the assessments is not definitely specified.

The act does not designate with certainty an agency to make the levy nor the court to collect the assessments. 36 Ark. 331. The authorities are too numerous to cite. The act does not provide for the collection of delinquent assessments on the land of both districts of Woodruff County and is void.

2. The description of the route is so vague and indefinite and uncertain that the legislative intent can not be ascertained. See act 402, § 2; 120 Ark. 277; 125 *Id.* 325.

The proof shows that there are two or more roads between Cotton Plant and Jelks that might have been improved and it does not appear from the act which was intended. Cases *supra*.

3. The exclusion of the lands in the town of Cotton Plant is arbitrary and discriminatory, so as to render the act invalid. It excludes certain lands in the district. Act 402, § 3; 130 Ark. 75; 214 S. W., p. 56.

4. The failure to include the Monroe County lands is arbitrary and discriminatory and makes the act invalid. 213 S. W. 768; 214 Id. 23. So, because of the uncertainty of the route and the failure to designate the agency and court and the discrimination as to lands and failure to include lands in Cotton Plant and Monroe County, the act is invalid. Cases *supra*. 130 Ark. 75; 214 S. W. 47; 1 Sup. Ct. Rep. 103.

*Coleman, Robinson & House* and *Roy D. Campbell,* for appellees.

The act is valid. The description of the roads to be improved is not vague nor indefinite, nor is it invalid for the exclusion of lands in Cotton Plant or Monroe County. 130 Ark. 70-97. The map describes and points out the lands. 214 S. W. 47; 125 Ark. 325; 131 *Id.* 59; 133 *Id.* 380; 214 S. W. 23; *Ib.* 767. The attacks on the district and act are without merit. *Supra.*

McCULLOCH, C. J.  Appellants are owners of land in a road improvement district in Woodruff County, created by a local statute enacted by the General Assembly of 1919, at the regular session (Act 402, p. 1693), and they instituted this action against the commissioners of the district to restrain proceedings on the ground that the statute is void and unenforceable.

(1)  One of the grounds for the attack on the validity of the statute is that the description of the road to be improved is too vague for identification.  The clause of the statute describing the road reads as follows:

"Beginning at the east corporate limits of the city of Cotton Plant, thence running in an easterly direction about one mile, thence in a northerly direction to the town of Jelks.  Also a road beginning at the intersection of the Old Military Road with St. Francis and Woodruff counties, thence in a southwesterly direction through Hunter; thence continuing westerly so as to intersect the road first above described at a point to be selected by the commissioners and approved by the county court.  The improvements to be made in the said district are to be made along the route designated by this act."

It is shown on the map introduced in evidence and verified by testimony adduced that there are two parallel public roads to Jelks, intersecting the roads running east out of Cotton Plant, and it is argued that the statute does not identify the particular one to be improved and that this renders the statute void.  The description in the statute is that the road to be improved is one that leaves the road running east about a mile from Cotton Plant, and only one of the parallel roads shown on the map answers that description.  It follows, therefore, that the road to be improved is capable of identification from the language of the statute.  The statute is not uncertain in this respect, and the attack upon it on that ground is unfounded.

It is next insisted that the statute is void for the reason that the agency providing for approving the plans and for levying assessments is not sufficiently designated,

and that the court for the enforcement of the collection of assessments is not definitely specified.

The statute provides that the plans and assessment lists shall be filed in the office of the clerk of the county court, which court is authorized to approve the same. It also provides that suits to enforce the assessments shall be instituted in the chancery court.

Woodruff County was, by a statute enacted in the year 1901 (Acts 1901, p. 249, as amended by the act of 1909, p. 937), divided into two districts in which separate courts, chancery, circuit, probate and county, are held, and the county clerk is required to maintain an office in each of the districts. The respective courts are held at Augusta, the county seat, which is in the Northern District, and at Cotton Plant, in the Southern District. The territory embraced in the road improvement district, and the road to be improved, lie in both of the court districts, and the contention in this case is that the statute is void for uncertainty because it fails to specify which of the courts is to take jurisdiction of the proceedings.

(2-3) It is plain from the language of the statute that the county court for the Southern District at Cotton Plant is the one to have jurisdiction over the proceedings, for in section 8 of the statute prescribing the form of notice to landowners the county court at Cotton Plant is the one mentioned. This supplies the omission to mention the particular court in other sections of the statute, for it shows definitely what was in the minds of the lawmakers with respect to the proper court. The fact that some of the affected territory and the roads to be improved lie in the Northern District does not constitute an attempt to give the county court at Cotton Plant extraterritorial jurisdiction, for the division of the county into separate districts results only from the force of a statute, and the legislative authority which separated the judicial system of the county could withdraw it for the purpose of conferring exclusive jurisdiction on one of the county courts.

(4)   Now, the provision for the collection of assessments by decree of court refers to another statute (Act 1909, p. 829), concerning drainage districts, and that statute provides for suits *in rem* in the chancery court of the county where the lands lie.   This confers jurisdiction on either of the chancery courts of Woodruff County, for some of the lands lie in each district.   The statute, *supra,* creating separate districts in Woodruff County provides that each district shall be treated as a separate county for the purpose of determining the jurisdiction of courts. But, even if the statute was indefinite in this respect, either of those courts would have jurisdiction under general statutes to enforce liens on land. Kirby's Digest, § 6060.

(5-6)   Another specified ground of attack on the statute is that lands in the town of Cotton Plant, lying adjacent to the proposed improvement, are exempted from the operation of the statute, whilst other lands more remote from the road to be improved are expressly embraced in the district.   The doctrine announced by this court in *Heinemann* v. *Sweatt,* 130 Ark. 75, and in *Milwee* v. *Tribble,* 139 Ark. 574, is invoked as sustaining the contention of appellants.

It is not true that the lands inside of the town of Cotton Plant are exempted from the operation of the statute.   Certain rural tracts of land lying west and northwest of the town are embraced in the district and the language describing those tracts refers to parts of designated subdivisions as "not embraced in the corporate limits of the town of Cotton Plant."   But this language does not affirmatively exclude the lands in the town from the operation of the statute, as was the case in the statute under consideration in *Harrison* v. *Abington, ante* p. 115, where entirely different language was employed.   Lands in the town of Cotton Plant are, it is true, excluded from the boundaries of the district, but the statute contains a provision that "if the commissioners conclude that lands not within the boundaries of the district, as heretofore laid out, will be benefited by the im-

provement of the roads, they shall assess the benefits and damages to such lands,'' etc. This operates as authority for the assessment of all lands benefited by the improvement and prevents discrimination arising from mistakes on the part of the lawmakers in failing to include in the boundaries of the district all lands benefited. It is the exemption of benefited lands, and not the mere failure to include all such lands within the prescribed boundaries of the district, that would operate as an unjust discrimination and invalidate the creation of an improvement district. Such is not the case here.

(7) Finally, it is insisted that the statute is discriminatory and void because it applies only to lands in Woodruff County and excludes lands in Monroe County abutting on the road to be improved. The road running east about a mile from Cotton Plant is on the line between the two counties, and there is no provision, it is conceded, for assessing the lands in Monroe County.

The question is ruled, we think, by the decisions of this court in several recent cases, notably in *Van Dyke* v. *Mack,* 139 Ark. 524, and *Cumnock* v. *Alexander,* 139 Ark. 153, as well as other cases cited in the brief of counsel for appellees. It must be conceded that undisputed facts in this case furnish strong reasons for the contention that the lands in Monroe County abutting on the road will be substantially benefited by the improvement, and that the exclusion of those lands was arbitrary—that the legislative determination was erroneous—but those reasons are not conclusive. It is the duty of the courts to respect legislative ascertainment of facts upon which laws are based unless such determination is obviously erroneous, and there may be facts and existing circumstances which we are not at liberty to inquire into for the purpose of reviewing the decision of the lawmakers. The lands lie in a different county and the arrangement of the roads, serving as means of travel to and from the commercial, social and educational centers of that county and its various community units, may be such as to justify the conclusion that a road between two points in another

county will not prove to be of sufficient benefit to warrant the taxation of those lands to pay the cost of making the improvement. *VanDyke* v. *Mack, supra.*

This question in the case is, confessedly, not free of doubt, but it is our duty to resolve all reasonable doubt in favor of upholding the legislative decision.

Decree affirmed.