## RUDDELL v. RUTHERFORD.

### Opinion delivered July 5, 1920.

HIGHWAYS—ROAD DISTRICT—DISCRIMINATORY ACT.—Act of extraordinary session of 1920, No. 155, approved February 18, 1920, in eliminating from a previously created highway improvement district a section of land which would obviously be benefited by the improvement, is invalid, as being arbitrary and discriminatory on its face.

Appeal from Independence Chancery Court; *L. F. Reeder*, Chancellor; reversed.

*W. K. Ruddell*, for appellant.

That part of section 19 lying north of White River is so disconnected from the body of the improvement district as to render the district void. 130 Ark. 70; 214 S. W. 56. This case falls squarely within the rule of those cases, and the decree should be reversed.

*S. M. Bone*, for appellees.

The act of the Legislature in including the strip of land is not arbitrary or discriminatory, and the land is contiguous. 130 Ark. 70; 64 *Id.* 7; 55 *Id.* 303; 132 *Id.* 359. The court's ruling was therefore correct.

HART, J. Lawrence Ruddell brought this suit in equity against the Commissioners of North Arkansas Highway Improvement District No. 1, Independence County, Arkansas, to enjoin them from proceeding further in the construction of said improvement, or in any manner casting a cloud on the title of his land, and has duly prosecuted an appeal to this court from a decree dismissing his complaint for want of equity.

The material facts are as follows: The Legislature of 1917 passed act 213, creating North Arkansas Highway Improvement District No. 1. Acts of Arkansas, 1917, vol. 2, p. 1149. The Legislature of 1919 at its regular session amended said act by passing act 128. Acts of Arkansas, 1919, Road, vol. 1, p. 327. Among the lands included in the district were sections 1, 2, 3, 4, 6, 7, 8, 9, 10, 11, 12, 17 and 18, in township 13 north, range 6 west. The Legislature at the extraordinary session called in January, 1920, passed act No. 155 which was approved February 18, 1920. This act eliminated certain lands from the district. Among the lands taken out of the district are sections 1, 2, 3, 4, 6, 7, 10, 11, 12, 18, and all that part of sections 8 and 9 outside of the corporate limits of Batesville in township 13 north, range 6 west. All that part of section 19, township 13 north, range 6 west, lying north of White River in Independence County, Arkansas, is included in the district, and the plaintiff is the owner of it. Section 17 of the same township and range is in the district, and that part of section 19, above referred to, corners with section 17. A part of section 17 is without the corporate limits of Batesville, and part of the section is within the corporate limits. Section 18 is west of said section 17 and north of said section 19. Just east of that part of section 19, north of White River, is an island which is formed by the main channel of White River and by a cut-off in said river. The proposed road runs in an easterly and southeasterly direction from Batesville. Although said section 19 is contiguous to said section 17, on account of the island and the cut-off in White River, which together with the main channel of White River forms the island, it is impracticable to go from said section 19 to said section 17. The only practicable route would be to go through said section 18. Said section 18 was eliminated from the district by Act No. 155, approved February 18, 1920. Thus we see the case is brought within the rule announced in *Heinemann v. Sweatt,* 130 Ark. 70, and *Milwee* v. *Tribble,* 139 Ark. 574.

In short, it appears from the map that, although section 17 and section 19 are contiguous to each other, on account of the topography of the land, it is not practicable to go from section 19 to section 17 without traversing section 18. It is apparent that section 18 would be benefited by the improvement if section 19 was so benefited. The Legislature, by eliminating section 18, has determined that it was not benefited by the improvement. Therefore it was an arbitrary act of the Legislature to eliminate section 18 and leave section 19 in the district. As said in those cases, we can not strike out section 19, for we do not know the value of the land in that section, and such an act might vary the legislative decision and impose an additional burden on the other lands in the district. Hence we have a statute which is arbitrary and discriminatory on its face, and therefore void, in so far as affects the designated improvement in Independence County.

It follows that the decree must be reversed and the cause remanded with directions to enter a decree in accordance with this opinion.