Tatum *v.* Wallis.

## Opinion delivered November 29, 1920.

1. HIGHWAYS—ROAD IMPROVEMENT DISTRICT.—A road improvement district created by the Legislature will not be disturbed by the courts unless the statute is arbitrary and discriminating on its face.

2. HIGHWAYS — ROAD IMPROVEMENT DISTRICT — LANDS INCLUDED.— While no lands can be included in a road improvement district unless it is specially benefited, it is not practical in all cases to include all the lands which will in some measure be benefited, but there must be no arbitrary exclusion of lands.

3. HIGHWAYS — ROAD IMPROVEMENT DISTRICT — DISCRIMINATION.— 1 Road Laws 1919, p. 634, creating a road improvement district, held not discriminatory for failure to include in that district lands already embraced in two other such districts, one created under the Alexander Road Law, and the other under a prior special act of the Legislature, which has subsequently been held by this court to be void.

Appeal from Sevier Chancery Court; *James D. Shaver,* Chancellor; affirmed.

*Reid, Burrow & McDonnell,* for appellant.

Act 203, Acts 1919, is void. It is unjust, unequal, confiscatory and discriminatory. It is unjust and the discrimination is so arbitrary and manifest as to amount to fraud, which is admitted by the demurrer. This case falls within the rule in case of *Ruddell* v. *Rutherford,* 145 Ark. 49. See, also, 130 Ark. 70; 214 S. W. 56. The legislative findings as to benefits *are not conclusive.* They will be overthrown when the mistake is arbitrary or obvious and demonstrable. 130 Ark. 70; 214 S. W. 56; 213 *Id.* 767; 65 Pa. 146; 3 Am. Rep. 615. The act is void. 218 S. W. 381; 130 Ark. 70; 214 S. W. 56; *Ruddell* v. *Rutherford,* 145 Ark. 49.

*E. K. Edwards,* for appellees.

The act is not arbitrary. The Legislature had authority to select the lands to be embraced in the district, and the matter left is to its discretion, and the mere fact that lands outside the district may be benefited does not deprive the Legislature of the power to create a district

in which shall be included lands which are benefited. 214 S. W. 23; 102 Ark. 553; 200 S. W. 501; 215 *Id.* 882; 213 *Id.* 767. When the Legislature creates an improvement district, it thereby declares that the lands embraced therein will be benefited. 103 Ark. 452. The courts can not disturb this finding and declaration. 214 S. W. 23; 215 *Id.* 882. The objection that it does not include lands at either end of the road is concluded by 125 Ark. 325; 200 S. W. 501; 102 Ark. 553. All doubts as to the validity of the statute should be resolved in its favor. 213 S. W. 767.

SMITH, J. Appellants own lands lying in Road Improvement District No. 7 of Sevier County, Arkansas, and seek by this suit to have the act of the General Assembly creating that district declared void. That act was numbered 203 and was approved March 7, 1919, and is to be found at page 634 of volume 1 of the Road Acts of 1919.

It is alleged that the act is unjust, unequal, confiscatory, discriminatory, unconstitutional and void, because certain lands lying adjacent to and abutting on the proposed road, which will be directly benefited and enhanced in value by the construction of the road, are not included in the district. That a part of such lands are owned by the commissioners of the district, and other lands by their relatives; while still other lands owned by appellants, and others similarly situated, are included within the proposed district and will be taxed therein, although the benefits to be derived are not any greater than those upon lands abutting on the road and not taxed. A demurrer to the complaint was sustained, and this appeal is from that decree.

Attached to the complaint, and made an exhibit to it, is a map, which appellees say is old and inaccurate, and which does not show all the present unimproved roads lying within, and leading out of the proposed improvement district.

The map does show, however, the boundaries of the improvement district, which are set out in the act creating it. Roughly speaking, the improvement district is a parallelogram, twelve and a half miles long, from the northern to the southern boundary, and six miles wide from its eastern to its western boundary. The north line of the district coincides with the north line of sections 25, 26, 27, 28, 29 and 30, township 8 south, range 30 west; and the south line coincides with the half-section lines of sections 25, 26, 27, 28 and 29, township 10 south, range 30 west; and, to a very large extent, the east and west boundary lines of the district are the east and west lines of range 30 west.

A part of the lands in favor of which it is said a discrimination has been made lies north of and adjacent to the district. Other lands in favor of which it is said a discrimination has been made lie south of and adjacent to the district. The south boundary of one tract and the north boundary of the other mark the termini of the road to be improved. The road which it is proposed to improve runs through these two tracts, but the improvement of that road terminates at their boundaries. It is said that this fact makes the act arbitrary, discriminatory, and therefore void, for the reason that these favored owners may use the road without being required to contribute to its cost.

It is not contended that any lands are included in the district which will not be benefited by the proposed improvement. The insistence is that lands have been omitted which will be benefited, and which should therefore be assessed, and this omission constituted the discrimination complained of.

It will be borne in mind that the district in question is one of legislative creation, and it is therefore our duty not to disturb it unless it has been made to appear that the statute is arbitrary and discriminatory on its face.

Counsel for appellants insist that the case of *Ruddell* v. *Rutherford*, 145 Ark. 49, is conclusive of that issue.

In that case we held that the elimination of a certain section of land made the act discriminatory and void because the only practical way of going from a section of land retained in the proposed district to the improved road, was by traversing the section which had been eliminated. Nothing of that kind is true here, for an inspection of the map of the district makes it certain that, if one should travel from any point in the district directly toward the road to be improved, he would reach the road without, at any time or place, getting beyond the limits of the improvement district.

Stripped of the unimportant and irrelevant issues, the question is whether the omission from the district of the tracts north and south of the district constitutes an arbitrary discrimination against the lands lying within the district.

We answer this question in the negative. It is obvious, as we have several times said, that improved roads must have termini, and the districts which are to be charged with their cost must have boundaries. It is probably true that every improvement district of this kind benefits a wider expanse of territory than can be embraced within the district. No land can be included unless it is specially benefited, but it is not practical in all cases to include all the lands which will in some measure be benefited. There must be no arbitrary exclusion of lands, for when this is done a discrimination results. Appellants insist that such is the effect of the act in question, and the correctness of that contention is the question we have for decision.

Here the east and west boundaries of the district are substantially parallel with the road to be improved. Practically speaking, the road runs through the center of the district. The road is as long as the district, and ends at the north and south boundaries of the district. It is true that all people just north of the district, as well as those just south of it, can use the road and will pay nothing for that use; but that fact is not decisive of the issue. The improvement of the road ends at the

boundaries of the district, but the road itself does not. It runs north from the district, and south from the district, and connects with still other roads, which, with it, unite the towns and communities of that county with those of other counties.

We can not know what finding the Legislature may have made as to the distance north and south from Lockesburg within which the territory would be tributary to that town. Lockesburg is in the center of the district and the largest town in it, but there are other towns in the district. *Hill* v. *Echols*, 140 Ark. 474, 215 S. W. 882. We do know that the road which it is proposed to improve runs on beyond the boundaries of the district and connects with other towns and communities. The Legislature may have been of opinion that in course of time these other roads might be improved, and, if so, the cost of that improvement would have to be borne by the territory through which those roads ran.

As a matter of fact, on the same day on which act 203 was approved, act 204 was also approved (volume 1, Road Acts, 1919, page 652). This act 204 was entitled "An act to create the Horatio and Eastern Road Improvement District of Sevier County." Section 1 of the act declares its purpose to be to improve the Horatio and Ben Lomond road from the corporate limits of the town of Horatio, through the towns of Paraclifta and Ben Lomond, to the town of Brownsville. Paraclifta is one of the towns in No. 7, and the district created by act 204 would have continued the improvement of the road which forms the subject of the improvement in District No. 7. Sections 27 and 28, 33 and 34, township 10 south, range 30 west (the lands south of district No. 7 and in favor of which it is alleged act No. 203 has made a discrimination), were included in the district created by act 204, and consequently would have been taxed to construct that improvement.

It does appear that in the case of *Milwee* v. *Tribble*, 139 Ark. 574, we held act 204 void. This was done because the act included a section of land five miles from

other lands in the district. It was insisted that the inclusion of that section was a clerical error; but it was in the act, and we could not strike it out. But for that error, the lands herein in question would have been included in that district. They may yet be included in that or some other district, and no doubt will be when the roads running through that territory are improved.

We can not know all the facts and conditions existing at the time act 203 was passed, but it will be presumed that the Legislature had that knowledge. As illustrating that fact, counsel for that district call attention to the fact that the lands just north of district No. 7 had been included in a district organized under the Alexander Road Law and known as Road Improvement District No. 2. That district includes all the lands north of district No. 7, which it is here claimed should have been embraced in district No. 7. It is pointed out that this fact appears from the public records in the office of the State Highway Commission. So that, if these lands had been included in district No. 7, as appellants here say they should have been, the lands would then have been included in two districts, instead of one, and both of those districts would be improving portions of the same road.

As is pointed out in the brief of counsel for the road district, the Alexander Road Law district, or district No. 2, the legislative district created by act 203, and the legislative district created by act 204, are adjacent and were each organized to improve roads lying within their boundaries; and we can not say that an arbitrary discrimination has been shown in the creation of district No. 7 as a result of the boundaries which have been fixed by the Legislature. *Harrison* v. *Abington,* 140 Ark. 115; 215 S. W. 255. The decree of the court below will, therefore, be affirmed.

HART, J. (dissenting).. Mr. Justice WOOD and the writer think the action of the Legislature in excluding the lands immediately north and south of and adjacent to the road improved was an arbitrary act within the

meaning of the rule laid down in *Ruddell* v. *Rutherford,* 145 Ark. 49.

It is true, as stated in the majority opinion, that roads must have termini and road districts must have boundaries. It is a far different thing, however, to say that road districts must end somewhere than to say that they may end anywhere. If the lands adjoining the road on the sides thereof are especially benefited by the improvement, it is equally apparent that the lands immediately north and south are benefited, and no testimony can alter this fact. The land owner could go from his land to the improved road and if any one is benefited he would be benefited. It is no answer to say that the lands immediately north and south were attempted to be placed in other road districts. This could only affect the assessment of benefits. It might have been that the omitted section in *Ruddell* v. *Rutherford, supra,* was in another road district. But the court held that the only practical route for the owner of section 19 to enter the road would be to go through section 18. So it was said that if section 19 was benefited it was equally apparent that section 18 would be benefited. Of course, the benefit to the lands was to enable the occupants to travel over the improved road. So here the owners of the lands immediately north and south of and adjacent to the proposed road will derive benefit from the road if the lands included within the boundaries of the district will derive any benefit. In this respect the district in the instant case is different from that in *Hill* v. *Echols,* 140 Ark. 474. In that case the court held that the act of the Legislature in omitting lands in another county could not be regarded as discriminatory, although they were apparently as much benefited as the lands within the district. The reason was that the lands were in another county, and, under the jurisdiction vested in the county courts, the roads of the county might be sufficiently improved under the general road and county taxes as not to be needed to be placed in a special improvement district.

An investigation on the part of the Legislature might have disclosed such a state of facts. In the instant case both the road and road district lie in the same county, and no such reason could exist. No amount of investigation on the part of the Legislature could show that the lands within the district are especially benefited and those immediately north and south of the end of the improved road are not specially benefited. Therefore the action of the Legislature in excluding the lands in question was arbitrary and rendered the act unconstitutional.