HOUSEHOLDER *v.* HARRIS.

Opinion delivered February 7, 1921.

1. HIGHWAYS—PLATS TO SHOW BOUNDARIES OF DISTRICT.—Plats accompanying a petition for establishment of a road improvement district under Acts 1915, No. 338, being a part of the petition, must show the correct boundaries of the district, and must not conflict with the recitals in the petition proper.

2. HIGHWAYS—IMPROVEMENT DISTRICT—VARIANCE IN PETITIONS.—A difference of 15.45 acres between two sets of petitions circulated for the establishment of a road improvement district under Acts 1915, No. 338, is fatal to the establishment of the district where neither set represented a majority in value, acreage or number of inhabitants therein.

3.  HIGHWAYS—ESTABLISHMENT OF DISTRICT—RIGHT TO CONTEST.—One who signed a petition for the establishment of a road improvement district is not estopped from claiming that the petition was not signed by a majority in value, acreage or number of inhabitants therein, and may appeal from an order establishing the district, without withdrawing his name from the petition.

Appeal· from Prairie Circuit Court, Northern District; *Geo. W. Clark*, Judge; affirmed.

*Emmet Vaughan*, for appellant.

1.  There are only two questions involved here, (1) the right of J. C. Harris and Henry Bull, the only appellees, to appeal from the order of the county court organizing the district, and (2) the alleged variance between the plats attached to petitions 1 to 7 and 8 to 13 inclusive.

Appellees having signed the petition for the district and the court having granted it, they had no right to appeal. 217 S. W. 781; 105 N. E. 569. A party can not appeal from a judgment favorable to him. 33 Ind. 267; 217 S. W. 781.

2.  The court erred in striking the seven petitions because there is no variance. 138 Ark. 549; 139 *Id.* 277; 216 S. W. 690; 218 S. W. 381. Appellees have no appealable interest, as they obtained all they asked.

*Young & Elms* and *Cooper Thweatt*, for appellees.

1.  The court did not err in not sustaining the motion to dismiss the appeal of Harris and Bull. One who joins in a petition for a district and obtains all he asks for can not appeal, as he is estopped. 273 Ill. 165; 2 Page & Jones on Tax., art. 1013. 85 Ark. 304 settles the question.

2.  There was no error in striking petitions 8 to 13. The plats speak for themselves, and there is no question of variance. Acts 1915, No. 338, § 1 (A); 118 Ark. 119; 209 S. W. 82. The variance is material. 113 Ark. 566. The court properly overruled the motion to dismiss the appeal and the motion to strike 8 to 13 from the files.

HUMPHREYS, J.  This is an appeal from the Prairie Circuit Court, Northern District, to reverse a judgment overruling appellants' motion to dismiss an appeal which

appellees had taken from the county court, establishing Fairmount Road Improvement District No. 13 of Prairie County, Arkansas; in sustaining appellees' motion to strike petitions 8 to 13, inclusive, from the files; and in setting aside the order of the county court and denying the establishment of said district. Appellees had joined others, under the provisions of act 338, Acts of the General Assembly of 1915, in a petition to the county court to establish said district. For convenience in obtaining signatures, thirteen petitions were prepared and filed, in which the territory to be embraced within the district was similarly described. The plats attached to the first seven petitions embraced not only the territory described in the petitions but 15.45 acres of land in the northeast quarter of the northeast quarter of section 9, township 1 south, range 6 west, and a part of Bayou Two, Prairie Lake. The plats attached to petitions 8 to 13, inclusive, did not include any part of said section 9, township 1 south, range 6 west, or any part of Bayou Two, Prairie Lake. Appellee J. C. Harris signed the petition numbered 1, and appellee Henry Bull signed petition No. 4. After the petitions were signed, they were all filed as one petition as a basis for procuring the establishment of said district. A remonstrance, in which appellees J. C. Harris and Henry Bull joined, was filed against the establishment of the district, on the ground that there was a material variance between the plats attached to petitions 1 to 7, inclusive, and those attached to petitions 8 to 13, inclusive, thereby rendering the territory to be embraced in said district, as well as the boundaries thereof, uncertain. In the remonstrance they sought, along with others, to have their names stricken off the original petitions, on the ground that their signatures had been secured through fraud.

The cause was submitted to the court upon the petitions, with the plats attached to each, the remonstrance and the evidence of William Radican, surveyor of Prairie County, who testified from the field notes that 15.45 acres of that part of section 9, township 1 south, range

6 west, was included within the boundaries on the plats attached to the first seven petitions, but not included within the boundaries on the plats attached to petitions 8 to 13 inclusive, which resulted in the judgment heretofore set out in substance.

The act, under which it was sought to establish the district, authorizes the circulation among the landowners of the original petition, or such number of exact copies thereof as may be deemed necessary, and the consolidation of said petitions as one for purposes of filing and hearing. The same act requires that a plat shall be filed with the petition, upon which the boundaries of the proposed district shall be plainly indicated. This court, in construing the act in *Tarvin* v. *Road Improvement District No. 1 of Perry County,* 137 Ark. 354, said: ''The map or plans, specifications and estimate of costs must be regarded as a part of the petition for the purpose of determining whether the proposed improvement is certainly and definitely described.'' It has been uniformly held by this court that the recitals of a petition to form a road district must conform to the requirements of the statute, because the petition is jurisdictional. *Cox* v. *Road Improvement Dist. No. 8 of Lonoke County,* 118 Ark. 119. The plats accompanying the petition, being a part thereof, must necessarily show the correct boundaries of the district, and not conflict with the recitals in the petition proper. So it follows that, if the plats attached to the several petitions as a part thereof show different boundaries of the proposed district, the petitions cannot be exact copies of each other. In that event the petitions would not conform to the requirements of the statute. For example, in the instant case, the plats, which were a part of the petitions and attached to petitions 1 to 7, inclusive, included more territory within the district than the plats attached to petitions 8 to 13, inclusive. It follows that the signers to petitions 1 to 7, inclusive, petitioned for a different road district from those who signed petitions 8 to 13, inclusive. It is contended, however, by appellees that the variance is so

infinitesimal that it will not be noticed by the court. According to the plats attached, the first seven petitions contain 15.45 acres more land within the boundaries of the district than is shown by the plats attached to petitions 8 to 13, inclusive. An inspection of the plats also shows that a part of Bayou Two, Prairie Lake, is included in the first seven petitions and not included in the petitions 8 to 13, inclusive. If the only variance consisted in the difference of 15.45 acres, we are not prepared to say this would not be material and fatal. In the case of *Voss* v. *Reyburn,* 104 Ark. 298, it was held that the omission of two half blocks from the proposed improvement district constituted a material variance and invalidated a street improvement district; and, in the case of *Norton* v. *Bacon,* 113 Ark. 566, it was held that the omission in the published notices of 200 acres of land constituted a material variance between the notice and the plat and invalidated the formation of the improvement district. In the case of *McRaven* v. *Clancy,* 115 Ark. 163, the court also ruled that the omission of one lot from the publication of an ordinance, creating a district, invalidated the district. This court also said, in the case of *Heinemann* v. *Sweatt,* 130 Ark. 70, that ''the tract of land in question forms a very small part of the large territory embraced in the district, but we can not treat it as being too insignificant to be seriously taken into account in adjudicating the rights of the parties who own lands in the district. We do not know what its value really is compared with the other lands in the district. We must assume, at least, that it is of substantial value, and that is sufficient to call for the application of the principle herein announced, for, if we undertake to vary the application of those principles according to the amount or value involved, we would have a very uncertain rule.''

One of the grounds of remonstrance against the organization of the district in the instant case is that the petitions did not represent a majority of the landowners in the district. It is conceded that the petitions 1 to 7,

inclusive, or 8 to 13, inclusive, separately did not constitute a majority in either value, acreage or number of the landowners. It is contended by appellants that appellees J. C. Harris and Henry Bull had no right to prosecute an appeal from the county court to the circuit court because they petitioned for the organization of the district, and that, at the time they remonstrated, their names had not been withdrawn from the petitions. In our view that there was a material variance between the lands proposed to be included in petitions 1 to 7, inclusive, from those proposed to be included in petitions 8 to 13, inclusive, a district could not be legally established upon either set of petitions, because neither represented a majority in value, acreage or numbr of landowners therein. It is said in Page & Jones on Taxation by Assessment, vol. 2, art. 1013, that "where a petition is by statute to be effective only if signed by a certain number, one who signs the petition is not estopped from claiming that the requisite number did not join in signing the petition." Again, on account of the variance in the boundaries of the proposed districts, as shown by the plats, the petitioners on the two sets of petitions sought to establish different districts. Those in the first set sought to include in the district northeast quarter of the northeast quarter of section 9, township 1 south, range 6 west, and Bayou Two, Prairie Lake, whereas, those in the second set of petitions did not include any lands in said section 9 nor any part of Bayou Two, Prairie Lake. Appellees, therefore, did not obtain an order in the county court establishing the district prayed for, because the order of the county court establishing the district did not include any part of said section 9 or any part of Bayou Two, Prairie Lake. So appellees had a right to appeal from the order of the county court establishing a district, upon two grounds, notwithstanding they had not withdrawn their names from the original petition at the time—first, because the county court established a different district from the one petitioned for by them; second, because the petitions signed by ap-

pellees did not contain a majority in value, acreage or number of landowners in the district established by the county court.

No error appearing in the record, the judgment is affirmed.