SANDERS *v.* WILMANS.

Opinion delivered June 25, 1923.

1. HIGHWAYS—CONSTRUCTION OF SPECIAL ACT.—Special act of extra
   session of 1920, relating to Road Improvement District No. 2,
   Jackson County, organized under the Alexander law (Crawford &
   Moses' Dig., § 5399 *et seq.*) did not attempt to change its organi-
   zation as an existing entity, and, except as it conflicted therewith,
   did not repeal §§ 5426-8, providing for including benefited lands in
   a district already organized, and containing nothing which pre-
   vented the district from incorporating new territory into the
   district.

2.  HIGHWAYS—CONSENT OF LANDOWNERS TO ANNEXATION OF TERRI-
    TORY TO IMPROVEMENT DISTRICT.—There being no constitutional
    requirement that the consent of property owners must be obtained
    for the formation of a highway improvement district lying partly
    outside of a municipality, Crawford & Moses' Dig., §§ 5426-8,
    providing for the inclusion in an organized improvement district
    of adjacent lands benefited thereby is not invalid because owners
    in the annexed territory have no opportunity to be heard on the
    question of the organization of the district.

3.  HIGHWAYS—ORGANIZATION OF IMPROVEMENT DISTRICT—COLLATERAL
    ATTACK.—In proceedings to annex benefited territory to an organ-
    ized improvement district, the original organization of the dis-
    trict is not subject to collateral attack for errors or irregu-
    larities merely, but only for lack of jurisdiction appearing on the
    face of the proceedings.

4.  HIGHWAYS—CONFLICT BETWEEN PETITION AND MAPS.—Finding of
    the county court that there was no conflict between a petition
    for organization of a road improvement district and the plat
    or map filed therewith, *held*, under the evidence, to be conclusive
    on collateral attack.

5.  HIGHWAYS—REMONSTRANCE AGAINST ANNEXATION OF TERRITORY
    TO DISTRICT.—Where a paragraph of a remonstrance against the
    annexation of territory to a road improvement district charged
    that the notice of the organization of the district described lands
    not mentioned in the petition or in the order creating the district,
    a demurrer to such paragraph was properly sustained, for the
    reason that the paragraph stated a mere conclusion.

6.  HIGHWAYS—ANNEXATION OF TERRITORY TO DISTRICT.—It is no
    ground for denying the anexation of additional territory to a
    road improvement district that the commissioners of the district
    have exceeded their authority in constructing with funds of the
    district a part of the road not authorized in the organization of
    the district.

7.  HIGHWAYS—IMPROVEMENT DISTRICT—INCLUSION OF URBAN PROP-
    ERTY.—Urban real property which is benefited by a rural road
    improvement may be included in the district in order that it
    may contribute from the benefits received to the cost of the
    improvement.

8.  HIGHWAYS—FAILURE TO ANNEX BENEFITED LANDS.—An order an-
    nexing contiguous benefited lands to a road improvement district
    created under the Alexander law (Crawford & Moses' Dig.,
    § 5399 *et seq.*) is void where it fails to include all the benefited
    lands, though the original organization is not invalidated thereby,
    since the statute provides for annexing all benefited lands.

Appeal from Jackson Circuit Court; *Dene H. Coleman,* Judge; reversed.

*Boyce & Mack, Jno. W.* and *Jos. M. Stayton, Thos. B. Pryor, H. L. Ponder, Thos. S. Buzbee, Geo. B. Pugh* and *H. T. Harrison,* for appellant.

The action of the commissioners in designating the benefited lands in their special report and the order of the county court responsive thereto are both void as being arbitrary and discriminatory. Territory in the city that would necessarily be benefited was left out. 130 Ark. 74; 139 Ark. 574; 142 Ark. 73; 145 Ark. 49. Demurrer should not have been sustained to sixth ground of appeal set out in the affidavit and prayer for appeal of H. C. Sanders. The appellee road district, under provisions of Act 390, has entirely different powers and authority from a road district organized under the general road law, act 338, Acts 1915, under which it was organized. 150 Ark. 94. If appellant's property had been included in the district when it was created, the variance between the petition and the plots, the order creating the district, and the notice of the hearing of the petition could have been raised by them to invalidate the district. 147 Ark. 352; 113 Ark. 566; 50 Ark. 116. The lower court erroneously held that they could not raise the question now, since it would be a collateral attack on the judgment. The authority for annexation of lands is contained in § 15 of the Alexander law. The said variance defeated the jurisdiction of the county court to create the district. If the remonstrances of appellants can be said to be a collateral attack on the order of the county court creating the district, the lower court erred in sustaining the demurrer, the jurisdiction of the county court was in issue, and a judgment is always open to collateral attack for want of jurisdiction. 142 Ark. 509; 127 Ark. 165; 59 Ark. 483; 64 Ark. 108; 124 Ark. 234; 127 Ark. 310; 23 Cyc. 1081, note 50. Doctrine of collateral attack does not apply, there having been no prior opportunity for attacking organization of

district. Page & Jones, Taxation by Assessment, § 1008. The landowner whose property is later annexed to the district should have the same right and time to question the validity of the district as have the owners whose lands were included when district was organized. 123 Ark. 205; 133 Ark. 498. Certainly appellants had no status to complain of invalidity of district before these lands were included in it.

*Gustave Jones* and *Rose, Hemingway, Cantrell & Loughborough,* for appellees.

The testimony shows that the city of Newport is within a mile and a half or two miles of the west end of the main road artery, and witnesses were of opinion that the road would greatly increase the travel to and trade within that city. 251 U. S. 182. Said city is adjacent to and benefited by the improvement. 139 Ark. 153. Act 390 of 1920 did not reserve district from provisions of the Alexander law, but only recognized its organization thereunder, gave the commissioners some additional powers, and reserved the 30 per cent. limitation on cost. 146 Ark. 287; 145 Ark. 438; 134 Ark. 30. The Alexander law authorizes the extension of boundaries to include city. The boundaries of the district are as clearly shown on the plot as could reasonably be expected, considering its situation. The land not correctly shown on plot was a negligible quantity, and the cases cited by appellant, 147 Ark. 352; 113 Ark. 566; 104 Ark. 298, can have no application here. Act 290, approved March 26, 1920, confirms organization of district. 146 Ark. 287; 145 Ark. 438; 134 Ark. 30. Question of variance may not be raised in this special proceeding. Inquiry is confined to single question, whether the district boundaries should be extended. Counsel, in relying on 127 Ark. 165, and 127 Ark. 310, overlook that the application of the rule announced therein and in similar prior cases was expressly overruled in 139 Ark. 424, and the new rule was expressly applied in 134 Ark. 292, 137 Ark. 587, and in 143 Ark. 341. No arbi-

trary and discriminatory action in not including the 12 acres on the north line of section 12 that would invalidate proceedings, and cases cited by appellant are not applicable to facts of this case. Boundaries can yet be extended to include the twelve acres. 140 Ark. 474; 153 Ark. 5; 13 Law Reporter, 702. Ball was a *de facto* officer, and his action as assessor cannot be attacked in this proceeding. 117 Ark. 30, 52 Ark. 386; 129 Ark. 286. 126 Ark. 231; 65 Ark. 343; 133 Ark. 277; 138 Ark. 339; 147 Ark. 181; 142 Ark. 519; 55 Ark. 81. Evidence not sufficient to overturn the assessments, which were regularly made and are presumed to be fair and equitable. 113 Ark. 493; 143 Ark. 44; 143 Ark. 261. The proceedings for extending boundaries of the district were regular and lawful, and the assessment of benefits should be sustained.

*Boyce & Mack, Jno. W.* and *Jos. M. Stayton, Thos. B. Pryor, H. L. Ponder, Thos. S. Buzbee, Geo. B. Pugh* and *H. T. Harrison,* in reply.

The law requires the boundary lines of the district to be accurately, plainly shown on the plot, and does not excuse the making of the plot on so small a scale as not to do it. 146 Ark. 288; 147 Ark. 349. Act 390 of 1920 does not cure irregularities in the organization of the district, does not even purport to be a curative act, as in 145 Ark. 438; 134 Ark. 30. Roads built outside of district. *Rector* v. *Board of Imp.,* 50 Ark. 116; 103 Ark. 269; 131 Ark. 60, have no application here. Sixth ground of appeal to which demurrer sustained not a collateral attack upon judgment creating district. Cases cited in support of contrary contention reviewed and distinguished, supported by 142 Ark. 509, which is not overruled by 139 Ark. 424. Construction of § 15 contended for by appellants results in class legislation without any proper basis for the distinction or classification. 174 U. S. 96; 135 S. W. 773; 184 U. S. 540. The assessment is invalid. Rule as to officers *de facto* does not apply in this case, which is a direct attack. 71 Ark. 17.

McCULLOCH, C. J. Road Improvement District No. 2 of Jackson County was organized under the general statutes (Act No. 338 of the General Assembly of 1915, Crawford & Moses' Digest, § 5399 *et seq.*) for the purpose of constructing a road in Jackson County beginning near the eastern boundary of the city of Newport and running east and southeast, with branches to two different points. The district, as first organized, contained approximately 125,000 acres of land extending up to the city limits of Newport. Plans were formed for the construction of the improvement, bonds were issued, and the road was partially constructed, when the board of commissioners of the district determined that other adjoining lands, including the whole of the city of Newport, would be benefited by the improvement, and they caused the anticipated benefits to said lands to be assessed, and filed a special report with the county court asking that the lands thus assessed be added to the district for the purpose of taxing the benefits. The lands described in the special report, including the city of Newport, constituted about 3,000 acres.

Appellants are the owners of lands embraced in the territory to be added, and they appeared in the county court, pursuant to the notice published by the commissioners, to resist the entry of an order of the court including these lands, and also to challenge the fairness and correctness of the assessment of benefits. The county court overruled the objections of appellants to the addition of the territory to the district, but sustained their objections to the assessment of benefits, and reduced the same fifty per centum of the amount as returned by the assessor. Appellants prosecuted an appeal to the circuit court of Jackson County, where the cause was heard anew, and the circuit court sustained the order of the county court adding the new territory to the district, but found that the assessments were discriminatory and void, and entered a judgment striking out said assessments. There is an appeal on the part of

both sides to the controversy, and the original contestants will be referred to as the appellants and the commissioners of the district will be referred to as the appellees.

This district was formed by order of the court pursuant to the general statute, a section of which (Crawford & Moses' Digest, §§ 5626-28) provides that, when it is found by the commissioners that other lands not embraced within the boundaries of the district as originally organized will be benefited by reason of the improvement "made or about to be made," they shall cause to be made an assessment of the anticipated benefits to said lands, and file a special report to the county court; that the court shall set a date for hearing, and that notice shall be given of such hearing, at which time the court is authorized to make an order including said additional lands in the district, and confirming the assessment of benefits.

The General Assembly, at the extraordinary session in February, 1920, enacted a special statute with reference to the district, conferring additional powers in certain respects and removing certain restrictions. The effect of the statute was to remove from the operation as to this district the feature of the general statute limiting the cost of the improvement to thirty per centum of the assessed value, and the act also authorized the construction of two lateral roads connecting with the main road. The remainder of the act is substantially a reiteration of certain powers conferred in the general statute, such as borrowing money, making additional levies to complete the improvement when found necessary, and authority to the county court to contribute funds to assist in the construction of the improvement. The statute also contained provisions prohibiting damage to the improvement, and certain other particulars with regard to maintenance of the road and non-interference therewith.

It is the contention of counsel for appellants that the effect of the special statute was to convert the district into a separate and distinct entity from its original

status as a creation under the general statute, and that this took the district out of the operation of the general statute altogether, and particularly with reference to the section of the original statute which authorized the taking in of additional territory. We cannot agree with counsel in this respect. The new statute recognizes the existence of the district as an entity already lawfully created, and the statute does not attempt to change the organization, but treats it is an existing entity, and removes certain restrictions upon its operations, and enlarges its powers in other respects. The effect of this statute is not to repeal, either expressly or impliedly, any portion of the general statute in the operation of this district, except to the extent that it may be found in conflict with the provisions of the new statute. There is nothing in the new statute relating to the powers of the district to take in additional territory, and there is no provision in the statute which is in conflict with the section of the general statute which authorizes the incorporation of new territory into the district.

It is next contended that the section of the general statute authorizing the incorporation of additional territory is void for the reason that the owners of property in the territory to be added have no opportunity to be heard on the question of the organization of the district. This contention is unsound for the reason that there is no constitutional requirement that the consent of the owners of property must be obtained to the formation of an improvement district outside of a municipality. The only provision in our Constitution in this respect relates to the formation of improvement districts wholly within cities and towns. This court has, at least inferentially, treated this particular section of the general statute as valid.

It is also contended by counsel for appellant that the organization of the district is absolutely void on account of a variance between the petition of property owners and the plats accompanying the same with reference

to the designation of boundaries, and that for this reason there cannot be an annexation of additional territory. Counsel for appellees contended below that appellants, as owners of property in the territory to be added, could not attack the validity of the original organization, and the trial court sustained the contention of appellees on this point. The solution of this question depends upon the character and subject-matter of the attack upon the organization of the district. In the proceedings adding additional territory found to be benefited by the improvement, the question of the validity of the original organization only arises collaterally, and the validity of the district cannot be challenged on account of mere errors and irregularities in the original organization. If, however, the organization is void on account of jurisdictional defects—in other words, if the lack of jurisdiction appears on the face of the proceedings—the question could be raised collaterally. *Churchill* v. *Vaughan,* 123 Ark. 298; *Griffin* v. *Boswell,* 124 Ark. 234; *Pritchett* v. *Road Improvement District,* 142 Ark. 509; *Householder* v. *Harris,* 147 Ark. 349.

We held in the cases cited, *supra,* that the provisions of the statute with respect to filing plats showing the boundaries were jurisdictional, and that failure to comply with those provisions rendered the order of the county court creating the district void. We proceed therefore to determine, from the face of the original proceedings as brought into this record, whether or not there is a substantial conflict between the petition and the plat as to the description of the lands originally included in the district when it was created.

In the petitions circulated for the signatures of landowners and in the published notice the lands were described by terms having reference to government plats, except in a few instances where there were subdivisions into lots and blocks, and in those petitions there was a description of the north half of section twelve (12), in township eleven (11) north, range

three (3) west, "except that part embraced in blocks 1, 2, 3, 4, 11, 12, 13, 14 and 18 of McLain-Holden Land & Lumber Company's Addition, known as East Newport, of the city of Newport, Arkansas." It is shown by the proof in the present case that the blocks in the McLain-Holden Addition, as referred to in the petition and notice, constitute approximately twelve acres in area, and lie full length along the northern boundary of said section 12. Lands lying on the north of section 12, described as section one (1), township twelve (12) north, range three (3) west, are not included in the boundaries of the district, and on the map which accompanied the petition the north boundary line of the district at that place was indicated by a broad line drawn parallel along the boundary line of section 12. The contention is therefore that, from the appearance of the map, all of the north half of section 12 is included in the district, whereas the petition distinctly recites that the lots in the McLain-Holden Addition which lie along the north side of section 12 are expressly excluded from the district. This is what is claimed to be the variation. It is seen, however, from the description of these lots and the area as described in the testimony, that they constitute a very narrow strip along the north boundary of section 12, and this strip is too narrow to be accurately shown on the map, which is small and drawn to a scale of one-half inch to the mile. An area so narrow as this width would hardly be perceptible on a map drawn to a scale of one-half inch to the mile. Of course, the map and the petition and notice should correspond, and the map should be so drawn that the boundaries will be clearly indicated (*Householder* v. *Harris, supra*), but the statute was only intended to impose a reasonable requirement, and, unless it is affirmatively shown that there is a conflict between the map and the petition and the notice which designates with absolute accuracy the boundaries of the district, it should not be held that there is an avoidance by reason of this apparent defect. It became the duty of the county

court, when it passed upon the petition, to carefully examine and compare the petitions and maps to ascertain whether there was any conflict, and, unless the conflict affirmatively appears from an examination of the papers, the findings of the county court on that question are conclusive on collateral attack. Considering the narrowness of the area as compared with the remainder of the lands in section 12 which were included in the district, we think that it cannot be said that this plat affirmatively shows that the narrow strip of land was indicated on the plat as being included in the district so as to put it in conflict with the precise description in the petition expressly excluding this area.

The ruling of the court in sustaining a demurrer to the paragraph of appellants' remonstrance, charging that the notice described the lands not mentioned in the petition or in the order creating the district, was correct, for the reason that the allegation in that regard stated a mere conclusion.

It is also contended that the annexation of additional territory should be denied on the ground that the commissioners had, with funds of the district, constructed a part of the road not authorized in the organization of the district. This affords no ground for preventing the annexation of territory under the statute. If the commissioners have exceeded their authority, other remedies must be sought to hold them responsible or to obtain relief from the unauthorized acts.

Our conclusion is that, on collateral attack, the judgment of the county court is not void, and that the attack on its validity is unfounded.

There is a further contention in this connection that the addition of territory should not be made for the reason that the original district was made up almost exclusively of rural lands, and that the city of Newport, being a separate entity for road or street purposes, should not be included in a rural district. This point of attack is untenable, and has often been decided against

the contention of appellants in cases where whole cities and towns were included in road districts. It is abundantly shown by the testimony in the present case that the real property in the city of Newport will be substantially benefited by this improvement, and there is no reason why it should not be included for the purpose of having these lands contribute, from the benefits received, to the cost of the improvement.

The special report of the commissioners describing the new territory to be annexed describes all of the rural lands north of section 12, and also the whole of the city of Newport except the aforementioned blocks in the Mc-Lain-Holden Addition. We have already seen that these blocks were expressly excluded from the boundaries of the district as originally created, and now since these lots are not included in the area to be added in the present proceedings, there is presented a case where lands are omitted which are contiguous to the roads to be improved, as much so as surrounding lands, and are completely surrounded by other lands which are included in the district. It is a case where these lands are necessarily benefited by the district if the other included lands are benefited, yet they are omitted from the district. We think this situation brings the case within the control of several decisions where we have held that the exclusion of lands which necessarily receive benefits from the improvement rendered the organization void. *Heinemann* v. *Sweatt,* 130 Ark. 70; *Milwee* v. *Tribble,* 139 Ark. 574; *Johns* v. *Road Improvement Districts,* 145 Ark. 49. Appellants had a right to raise that question in the proceedings to include their lands in the district.

Counsel for appellees rely upon our decision in *Hill* v. *Echols,* 140 Ark. 474, where we held that the exclusion of benefited lands, or the failure to include such lands within the prescribed boundaries of the district, will not operate as an unjust discrimination so as to invalidate the organization, where authority is conferred to subsequently add all benefited lands to the district. Where

there is such a provision as is contained in the general statute, *supra,* to subsequently take into the district benefited lands which have been excluded, the failure to include the lands in the original organization does not invalidate the district on collateral attack. It is an error, however, of the court to fail to include all the benefited lands, when it is shown that they are lands which will be benefited. Such an error, however, must be corrected by direct attack on appeal. Therefore the failure to include the blocks in the McLain-Holden Addition did not invalidate the district, for the reason that the failure to include them was a mere error, which was not sought to be corrected on appeal, and cannot be corrected in the present appeal, but the failure to include them now, when it is obvious, from the proof in the case, that they will be equally benefited with other lands surrounding them, is an error of the court to add the new territory without including these blocks, and it is an error which can be taken advantage of in the present proceedings, which is a direct attack upon the correctness of the order of the county court adding the new territory. The question of the right to raise that question does not come within the principles announced in *Hill* v. *Echols, supra.* The owners of the lands which are sought to be taken into the district have a right to insist that all other lands equally benefited should be taken into the district. At the same time it is an error for the court to fail to take in the added territory without including all such lands. It does not relieve the proceedings omitting the lands from the effects of the error merely because they can be subsequently added, for the property owners have a right to insist that those omitted lands be taken in at the same time that their lands are taken in.

Our conclusion is that the failure to include the blocks in the McLain-Holden Addition was an error, and calls for a reversal of the judgment adding the new territory. Of course, this reversal does not prejudice the right of the district to inaugurate new proceedings for

the annexation of territory in accordance with the terms of the statute. This view of the matter obviates the necessity of discussing the correctness of the assessment of benefits, for we cannot reach that question until there has been a valid proceeding to add the territory and a decision as to the correctness and uniformity of the assessments would be premature.

The judgment of the circuit court is accordingly reversed, and the cause is remanded for further proceedings in accordance with this opinion.