CROSS COUNTY ROAD IMPROVEMENT DISTRICT No. 4 *v.* HENDERSON.

Opinion delivered December 22, 1924.

1. STATUTES—CONSTRUCTION AS A WHOLE.—Courts will look to the whole of a statute to determine the real intention of the law-makers.

2. HIGHWAYS—ADDING TERRITORY TO DISTRICT.—Special Acts 1923, p. 354, amending act 625 of 1919, creating the Cross County Road Improvement District No. 4, by adding territory thereto, is not void as amending a repealed act, since the act of 1921 (Acts 1921, p. 1353) only partially repealed the act of 1919.

3. HIGHWAYS—EFFECT OF ADDING TERRITORY TO DISTRICT.—Special Acts 1923, p. 354, adding additional territory to the Cross County Road Improvement District No. 4, constitutes a legislative determination that the added lands will be benefited by the original improvement.

4. HIGHWAYS—ADDITION OF TERRITORY TO IMPROVEMENT DISTRICT.— The fact that an improvement has already been constructed does not prevent the Legislature from adding benefited property to the territory which is to be taxed for payment of the improvement.

5. HIGHWAYS—DISCRIMINATORY ASSESSMENT.—The fact that Special Acts 1923, p. 354, added a part of the territory of a city to the assessed property while omitting the rest of the city does not establish that the act is arbitrary or discriminatory.

Appeal from Cross Chancery Court; *A. L. Hutchins,* Chancellor; reversed.

*Ogan & Shaver,* and *T. E. Lines,* for appellant.

The effect of the act annexing the land to the district determines the question of benefits. The extent thereof is to be arrived at according to the plan in the original act creating the district. 81 Ark. 208; 125 Ark. 330; 145 Ark. 49.

*Killough, Killough & Killough,* for appellee.

Property cannot be taxed solely for revenue. 239 U. S. 478. The act is retroactive and interferes with vested rights, and is therefore unconstitutional. 25 R. C. L., p. 785; 130 Ark. 128; 147 Ark. 24. The act is void because it purports to amend a repealed act and is not sufficient in itself to be complete. 25 R. C. L. 1035. While the title of an act is not controlling, it is proper to consider it in determining the meaning of the lawmakers. 150 Ark. 244; 151 Ark. 486. The repeal of a statute need not be express. 140 Ark. 628; 141 Ark. 247. The original act, being repealed, could not be amended. 61 Ark. 238. The power to tax additional territory was not saved by the act of 1921, and the commissioners have only such powers as are given by that act. 130 Ark. 410. The act is void for vagueness and arbitrary exclusion. 139 Ark. 595; 146 Ark. 288.

McCULLOCH, C. J. Cross County Road Improvement District No. 4 was created by an act of the General Assembly of 1919 (Road Acts of 1919, vol. 2, p. 2362), authorizing the improvement of a certain public road in Cross County, running south from the city of Wynne.

The statute was in the customary form, describing the boundaries of the district and the road to be improved, naming the commissioners, and authorizing the formation of plans, the improvement of the highway, borrowing money and issuing bonds, the assessment of benefits to adjacent property situated in the district, and the levying of taxes to pay for the improvement and to pay off the bonds as they became due. The improvement authorized by the statute was completed, and bonds were issued and sold to raise funds in advance to construct the improvement. Before this was done, however, there was another statute, enacted at the extraordinary session of the General Assembly in February, 1920, confirming the assessments made by the commissioners. No question is raised in the present litigation concerning the validity of the original statute, or the statute confirming the assessments or any proceedings thereunder. However, the General Assembly of 1921 enacted a statute prohibiting the commissioners of the aforementioned district from issuing any additional bonds or other obligations. Special Acts 1921, p. 1353. The title of this act provides for the repeal of act No. 44 of the special session of 1919, confirming the assessment of benefits in Road Improvement District No. 4 of Cross County, and also recites the repeal of the act of 1919 creating said district. Section 1 of the statute provides that the commissioners of said district "are hereby prohibited from issuing any additional bonds or obligations for or on behalf of said district from and after the passage of this act." That section reads, further, that the commissioners "are hereby authorized and empowered to spend the balance of the funds on hand for the purpose of constructing the road heretofore laid out in said district, and, when said funds have been expended, it shall be the duty of the board of commissioners for said district to file a true and complete report of expenditures with the clerk of Cross County, Arkansas." Section 2 of the statute provides that the commissioners "are hereby empowered and directed to continue to serve as a board of commissioners for said

district for the purpose of paying all bonds, certificates of indebtedness or other outstanding indebtedness of the district, and that it shall be the duty of the board of commissioners for that district, from time to time, to levy such annual taxes for collection as shall be necessary for the maintenance and operation of the district, which have heretofore been entered into by said board." This section also provides that the board "shall have full authority and power to take any and all necessary proceedings under the terms of act 625 of the Acts of the General Assembly of the State of Arkansas of the year 1919, approved on April 2, 1919, and as amended by act 44 of the extraordinary session of the General Assembly of the State of Arkansas for the year 1919, approved February 4, 1920, but said board shall not have authority to issue any additional bonds or obligations from and after the passage of this act."

The General Assembly of 1923 enacted still another statute in regard to this district (Special Acts 1923, p. 354) purporting to amend the original statute creating the district hereinbefore mentioned. It amends the first section of the original statute only by including certain other real property in the district. This is the only extent to which the amendment operates, and the additional property thus included constitutes that portion of the city of Wynne lying south of the Memphis-Bald Knob branch of the Missouri Pacific Railroad.

Appellees are the owners of some of the lots of real property added to the territory of the district by the act of 1923, *supra,* and they instituted this action in the chancery court of Cross County to restrain the board of commissioners and the assessors of the district and also the tax collector of the county from assessing benefits and levying and collecting taxes on any of the property added to the boundaries of the district by the act of 1923, *supra.* The benefits had already been assessed, and the chancery court held that there were jurisdictional defects which invalidated the assessments, and, as this feature of the case is not in controversy, it may be dis-

carded from any further discussion. The chancery court went further, however, and decided that the act of 1923, *supra,* was void, and that the commissioners had no authority to levy taxes on the property added to the district by that statute.

The contention of learned counsel for appellees in support of the decree of the chancery court is that the original statute creating the district was repealed by the act of 1921, *supra,* and that the Legislature could not thereafter authorize the assessment of other lands. We are of the opinion that the contention of counsel is unsound, and that the original statute creating the district was not, in fact, entirely repealed. It is true that, in the caption of the statute, there is a recital of the repeal of the original statute, but this recital is not in conformity with the language of the body of the statute. We look to the whole of the statute for the purpose of determining the real intention of the lawmakers. *State* v. *Trulock,* 109 Ark. 566. On the contrary, instead of taking away from the board of commissioners all of the authority conferred by the original statute, § 1 expressly authorizes the board to use the balance of the funds on hand "for the purpose of constructing the road heretofore laid out in said district," and § 2 contains a provision expressly authorizing and empowering the board to "take any and all necessary proceedings under the terms" of said original statute. The effect of the act of 1923 is merely to add additional territory, and this constitutes a legislative determination that the added lands will be benefited from the original improvement. The Legislature had the power to add benefited territory to the district, even after the completion of the improvement. The fact that the improvement had already been constructed does not prevent the Legislature from adding benefited property to the territory which is to be taxed for the payment of the improvement. *Hiter* v. *Harahan Viaduct Imp. Dist.,* 165 Ark. 351; *Wagner* v. *Lesser,* 239 U. S. 207; *Valley Farms Co.* v. *County of Westchester,* 261 U. S. 155.

It is also contended that the statute adding new territory is void because the effect is discriminatory and arbitrary in not including the whole of the city of Wynne. It is argued that, if a part of the city is benefited, all of it is necessarily benefited, and that the statute is discriminatory in omitting any part. This argument is unsound, for there are no facts pleaded which show that there is an obvious and demonstrable discrimination. The mere fact that part of the city is omitted does not show that benefited property is omitted. *Van Dyke* v. *Mack*, 139 Ark. 524; *Hill* v. *Echols*, 140 Ark. 474; *Tatum* v. *Wallis*, 146 Ark. 287; *Sanders* v. *Wilmans*, 160 Ark. 133.

The chancery court erred in deciding that the act of 1923, *supra*, was void, and that the commissioners had no authority to tax the lands added to the district.

The decree is therefore reversed, and the cause remanded with directions to enter a decree dismissing the complaint of appellees for want of equity, so far as it seeks to restrain the commissioners of the district from proceeding with the work of assessing benefits and levying taxes.